[Civ. No. 7223. First Appellate District, Division One.—April 22, 1930.]

LOWELL LEDSON, Petitioner, v. PACIFIC INDEMNITY COMPANY, MOWAT & EDELMAN, and INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Samuel J. Jones for Petitioner.

Edward O. Allen and Thos. W. Slaven for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission. It is claimed that the evidence does not justify the findings of fact that the disability complained of was not caused by an injury arising out of applicant's employment or that it was not caused by industrial injury.

The facts, briefly stated, show that petitioner was on March 5, 1929, in the employ of respondent Mowat & Edel-

man, a corporation, and such corporation was insured against workmen's compensation liability with the respondent Pacific Indemnity Company. The injury alleged by petitioner to have been suffered by him consisted in his being struck across the groin by the tail-gate of a Ford truck which he was operating in the course of his employment and from which he was about to dump a load of dirt. Petitioner reported to his employer the fact of his injury on the day that it had occurred, but he continued in his work. Two days later he was troubled with sharp pains and was instructed by his employer to go to a hospital for an examination. An examination was had and the physician who made the same discovered a swelling in his testicles, but concluded that this condition was not due to industrial employment, but rather to an infection. Thereafter his testicles commenced to swell but petitioner remained in his employment until March 23, 1929, at which time he entered a hospital for treatment. Subsequently an abscess of the right testicle developed and petitioner underwent an operation and the diseased testicle was removed.

On April 22, 1929, petitioner filed with respondent Industrial Accident Commission his application for adjustment of claim for compensation for injuries sustained in the course of his employment. At the hearing petitioner testified that his injury was caused by being struck in the right groin and right testicle in the manner hereinabove recited. Upon the question of the cause of the condition from which petitioner was suffering the medical testimony was in direct conflict. Evidence was produced by petitioner to the effect that the origin of the abscess was not caused by any sexual disease or chronic condition, but could have been caused from the injury claimed to have been suffered by petitioner as it could have been produced as a result of the rupture of a blood vessel in the testicle. These physicians, however, admitted on cross-examination that the abscess might have been the result of some foci of infection carried from near-by parts and originating from causes other than traumatic injuries. A physician called by respondents testified that an abscess very rarely resulted from a trauma to the testicle, but rather from a focus of infection in some other part of the body. He further testified that if the condition had

been caused by direct violence to the testicle through a blow or strain the symptoms would have manifested themselves immediately and been evidenced by discoloration of the tissues which was absent in the instant case. He was therefore of the opinion that the injury complained of was not industrial in character. The Commission adopted this view and found that the evidence did not establish as a fact that the applicant received an injury arising out of and in the course of his employment nor did it establish as a fact that the disability complained of was caused by an injury arising out of his employment. It was accordingly ordered that applicant take nothing from defendants by reason of the claim asserted in the proceeding. A petition for rehearing was made and denied and the present proceeding followed. It is here claimed that the evidence does not justify the conclusion of the Commission. It is elementary that the findings of the Industrial Accident Commission are subject to review only in so far as they have been made without any evidence whatever in support thereof. The jurisdiction of an appellate court in cases of this character is limited strictly to determining whether there is evidence sufficient to sustain the award. It is not the function of the courts to determine the credibility of the witnesses or the weight to be attached to their testimony. With these subjects we have nothing to do as the Commission is the final arbiter on questions of fact. It may be that a different conclusion could have been reached by the Commission and had it been so reached that it would have been fully supported by the evidence. Whatever our views may be upon the subject are of no consequence as we have no power to disturb the findings of the Commission when supported by evidence. Its conclusion upon a question of fact upon conflicting evidence is final.

The award is affirmed.

Knight, J., and Cashin, J., concurred.