[Civ. No. 10171.  Second Appellate District, Division Two.—June 25, 1935.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and H. R. BROWNE, Respondents.

C. W. Bowers for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

FRICKE, J., *pro tem.*—Petition for review of an award made by respondent commission. ■ Petitioner claims that there is no evidence to support the finding of the commission that the injured workman, H. R. Browne, was in the employ of respondent corporation as "maintenance man" and was injured in the course of such employment. While there may be room for a difference of opinion, the testimony of the president of the employer company, as well as that of the injured workman, is more than ample to sustain the finding. (*Ledson* v. *Industrial Acc. Com.*, 105 Cal. App. 328, 330 [287 Pac. 566].) The fact that the applicant was engaged in painting at the time of his injury does not prevent the conclusion that he was employed as a maintenance man.

■ Petitioner also contends that its policy does not cover the work in which applicant was engaged. Apparently petitioner is contending that since the business covered by its policy was that of wine making, no liability attached because the insured had not yet begun wine making at the plant where the accident occurred. Even without the evidence that the making of wine had begun in a small way, it is evident that the applicant was engaged in preparing the place for the active operations of wine making, and such employment was covered by petitioner's insurance policy. (*Hendrickson* v. *Industrial Acc. Com.*, 215 Cal. 82 [8 Pac. (2d) 833].)

■ The remaining point is that the award is not valid because there was no specific finding that petitioner was the insurance carrier for the employer. The findings and award recite the appearance of petitioner, its joinder as a defendant and its representation by counsel, and includes findings showing the applicant to be entitled to compensation and that the employer was insured against liability for compensation. No specific finding is made as to the identity of the insurance carrier, but the award is made against petitioner and the employer is relieved from liability. Respondent Prima Vista Wine Company in its answer to the application for adjustment of claim sets forth that its liability for compensation is covered by petitioner. In this state of the pleadings petitioner appeared and through its counsel participated in the hearing, at no time filing any denial of its capacity as insurance carrier but, on the contrary, urging before the commission and in these proceedings that it was the insurance carrier.

50

Petitioner was made a defendant in the proceedings before the commission. If any defendant desires to disclaim any interest in the subject matter of the claim in controversy he may under the law (Act 4749, sec. 18, Gen. Laws 1931) file an answer. Petitioner chose not to avail itself of this opportunity of denying interest, and by so doing failed to raise an issue on this point. While the findings, apart from the award, should have designated the insurance carrier, the clerical error of omitting a finding upon a matter not in issue but necessarily implied upon the face of the record as a whole does not warrant any adverse action by this court.

The award is affirmed.

Crail, J., and Stephens, P. J., concurred.