[Civ. No. 3107. Second Appellate District, Division One.—October 22, 1919.]

MRS. CLOTILDE LAUZIER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—OWNING AND RENTING OF HOUSES —NOT A "BUSINESS"—LIABILITY FOR INJURIES TO EMPLOYEE.— The owning and renting of four small houses for residence purposes does not constitute a "business" within the meaning of the Workmen's Compensation Act, and the owner is not liable under the act for injuries received by a carpenter employed for about one hour to repair the roof of one of the houses.

[2] ID.—CONSTRUCTION OF AMENDMENT OF 1917.—The amendment of 1917 to the Workmen's Compensation Act (Stats. 1917, p. 831), providing "The words 'trade, business, profession or occupation of his employer' shall be taken to include any undertaking actually engaged in by him with some degree of regularity, the trade name, articles of incorporation or principal business of the employer to the contrary notwithstanding," did not work an extension of the ordinary definition to be applied to the terms "trade or business," but was designed to have a clarifying effect only upon the original terms of the enactment.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

Walter F. Dunn and John P. Dunn for Petitioners.

A. E. Graupner for Respondents.

---

1. Who are employers within the meaning of the compensation statutes, note, L. R. A. 1918F, 179.

JAMES, J.—*Certiorari.* Petitioner was the housekeeper, living with her son-in-law and daughter, where she performed some service and for which she received, as expressed in her own language, her "board and upkeep." In addition to this she was given by a son the sum of $25 per month to assist in her support. At the same time she owned four small frame houses which she rented to tenants, the net income from which, offsetting expenses, appears to have been, during the period immediately preceding the event concerned herein, no amount whatsoever. An agent attended to the renting of these houses and collected the rental thereof. This agent employed a carpenter to repair the roof of one of the houses; the time consumed was about one hour and the charge made for the service thirty cents. While descending from the roof the carpenter fell and was injured. He afterward prosecuted a claim against the petitioner under the Workmen's Compensation Act. The commissioners, by a majority decision, made an award against petitioner requiring the payment of a considerable sum of money for hospital bills, physicians' charges and expenses, together with a weekly allowance to continue during disability. It is the contention of the petitioner that the award made to the applicant was without authority of law and should be annulled. The particular finding made by the commission, the conclusions contained in which the petitioner contends are not justified by the evidence, was the following:

"The general and usual occupation of the defendant was that of housekeeper. She owned four houses which she rented for residence purposes, upon one of which houses the applicant was employed as aforesaid, to make certain repairs upon the roof. Such repairs could have been made within one day, and at a cost less than one hundred dollars ($100), and said employment was therefore casual. But the maintaining and renting of said houses was a trade, business, profession or occupation of the employer, and the repair of said houses was a service tending toward the preservation, maintenance or operation of the business premises or property of the employer, and, therefore, that at the time of said injury the employee was not engaged in any of the occupations or employments excluded by section 8 of the

Workmen's Compensation Insurance and Safety Act of 1917, from the provisions of said act and the employee and the employer were subject to the compensation provisions of said act and to the jurisdiction of this commission."

[1] The case here turns altogether upon the question as to whether the owning and renting of the four small houses constituted a "business" within the meaning of the Compensation Act. That act, as amended in 1917 (Stats. 1917, p. 831, at p. 836), provides in part as follows: "The phrase 'course of the trade, business, profession or occupation of his employer' shall be taken to include all services tending toward the preservation, maintenance or operation of the business, business premises or business property of the employer. The words 'trade, business, profession or occupation of his employer' shall be taken to include any undertaking actually engaged in by him with some degree of regularity, the trade name, articles of incorporation or principal business of the employer to the contrary notwithstanding." As we understood the argument of respondent, it is not contended that under the ordinary definition to be given to the words "trade or business," the owning and renting of a house or houses by a person would bring such person within the terms of the compensation act. If the conclusion were otherwise, then it would be immaterial whether the individual owned one or twenty houses, so long as they were rented to other persons and an income derived therefrom. Under the English act, which has furnished the model and substance for many of the state enactments covering this subject, including our own (*Fidelity etc. Co.* v. *Industrial Acc. Com.*, 177 Cal. 614, [L. R. A. 1918F, 856, 171 Pac. 429]), it has been directly held that a landlord owning several houses and having an interest in others, all of which were let to tenants, was not engaged in "a trade or business" within the meaning of the law. Petitioner has cited to this point a pertinent decision, that being *Bargewell* v. *Daniel*, 98 L. T. Rep. 257, cited in *In re Gaynor*, 217 Mass. 86, [L. R. A. 1916A, 363, 104 N. E. 339]. Our own supreme court, in *Miller & Lux, Inc.*, v. *Industrial Acc. Com.*, 179 Cal. 764, [7 A. L. R. 1191, 178 Pac. 960], made this observation: "We should keep in mind the fact that the Compensation Act is held constitutional only because it imposes a charge

not upon the individual employer, but upon the branch of industry in which he is engaged, and gives the employer opportunity of protecting himself by proper insurance."

[2] It is argued, however, by respondent in justification of the award made that the amendment to the act made in 1917 worked an extension of the ordinary definition to be applied to the terms "trade or business" and made appropriate the inclusion of conditions which the facts of this case disclose. Particular emphasis is placed upon the amendatory phrases that the words "trade, business, profession or occupation of the employer," "shall be taken to include any undertaking actually engaged in by him with some degree of regularity." As we interpret that amendment, it is designed to have a clarifying effect only upon the original terms of the enactment. The use of the word "undertaking" we think of itself does not make less applicable the ordinary definition of the word "business," and we believe that that phrase should be read as though the word "business" immediately preceded the word "undertaking." Such seems to us to be the evident and plain meaning. It was no doubt the intention by the amendment to make it clear that the act should cover a business undertaking, whether the same was continually carried on or only engaged in at intervals. We do not intend to intimate it as our opinion that because the principal business of the petitioner was that of housekeeper, she might not, still within the meaning of the Compensation Act, be engaged in other business enterprises. We hold simply that the mere owning and renting of a house or houses by an individual for purposes of investment, conceding that such owner has no particular or principal business, does not come within the purview of the act.

The findings and award of the respondent commission are annulled.

Conrey, P. J., and Shaw, J., concurred.