[Civ. No. 3628. Second Appellate District, Division One.—July 15, 1921.]

GEORGE J. P. FORD, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—LETTING OF HOUSES FOR HIRE—REPAIR WORK—CASUAL EMPLOYMENT.—Where an individual invests his money in a house or houses which as owner he lets for profit, and at irregular times when demanded has labor performed

---

1. What constitutes casual employment within the meaning of workmen's compensation acts, notes, L. R. A. 1916A, 96, 120, 247; L. R. A. 1917D, 147, 151; L. R. A. 1918F, 215.

in the repair thereof, and is not engaged in any other business, he is not engaged in the prosecution of a trade or business within the meaning of the Workmen's Compensation Act and upon which a charge of compensation for injury sustained by an employee casually engaged in doing such work can be imposed.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

Guy S. Pratt for Petitioner.

A. E. Graupner for Respondents.

SHAW, J.—*Certiorari* to review an award made to T. B. Cowan by the Industrial Accident Commission pursuant to the provisions of the Workmen's Compensation Act of 1917 (Stats. 1917, p. 831).

Petitioner owned several storerooms and flats which he kept in repair and let to tenants. Other than this, he was engaged in no business, trade, or occupation. He employed Cowan at $3.50 per day to do the work required in hanging paper and tinting the walls of the rooms in one of the flats. While so engaged his attention was directed to a leaky toilet in the building, which petitioner told him to repair, and while so engaged in the repair thereof he sustained injuries for which the award of compensation was made.

The particular finding attacked is as follows: "T. B. Cowan, applicant, while employed at interior repair on April 23, 1920, at Los Angeles, California, by defendant George J. P. Ford, said employment not being casual and being in the course of the employer's business, and the parties being then subject to the provisions of the Workmen's Compensation, Insurance and Safety Act of 1917, sustained injury occurring in the course of and arising out of his employment, as follows: he fell down a stairway, sustaining injury to the back and hips."

Petitioner's contention is that the work was both casual and not in the course of trade, business, profession, or occupation of Cowan's employer. In our opinion this contention must be sustained. Section 8 of the act excludes from its operation persons whose employment is both casual

and not in the course of the trade, business, or occupation of the employer. Subdivision (c) of the section provides that "the term 'casual' as used in this section shall be taken to refer only to employments where the work contemplated is to be completed in not exceeding ten working days." It also provides that "the phrase 'course of trade, business, profession or occupation of his employer' shall be taken to include all services tending toward the preservation, maintenance or operation of the business, business premises or business property of the employer"; and that "the words 'trade, business, profession or occupation of his employer' shall be taken to include any undertaking actually engaged in by him with some degree of regularity."

It appears that, in response to a question as to how long he had been working on the job for which he was employed, Cowan said: "Well, I had been working on that house *perhaps* a couple of weeks." And again, replying to the question: "And you had been working on that particular house how long?" he answered: "Some two or three weeks; I couldn't hardly tell unless I had brought my books." And to the question, "You testified that you had been on this particular job where you were injured between two and three weeks?" he answered, "Yes, sir." On cross-examination, in response to the inquiry as to how many days he worked, he replied: "I cannot tell you." Whereupon he was asked: "Was it less than ten days?" to which he replied: "Maybe it was not ten days, but it was right in there; I won't say positive." In our opinion, since it appears the employment was not for any definite time (*Blood* v. *Industrial Acc. Com.*, 30 Cal. App. 274, [157 Pac. 1140]), this testimony is insufficient to establish the fact that the work which the applicant was engaged to perform was not to be completed in a period of time less than ten working days. His testimony upon the subject was not only vague, indefinite, and uncertain, but he himself expresses grave doubt upon the question as to whether his employment was other than casual, as defined by the act. On the contrary, if the burden of showing the employment was casual devolved upon the employer, his testimony is positive to the effect that the employment contemplated the completion of the work within ten days and that in its performance Cowan worked less than ten days thereon.

[1]  The question whether the making of repairs necessary and incidental to the upkeep of a building or buildings which the owner lets for hire constitutes a business within the meaning of the statute was before this court in the case of *Lauzier* v. *Industrial Acc. Com.,* 43 Cal. App. 725, [185 Pac. 870], wherein it was said: "The mere owning and renting of a house or houses by an individual for purposes of investment, conceding that such owner has no particular or principal business, does not come within the purview of the act," as amended in 1917.  As in that case, the petitioner herein had no business other than renting the building for profit.  Upon the authority thereof we can but repeat that where an individual invests his money in a house or houses which as owner he lets for profit, and at irregular times when demanded has labor performed in the repair thereof, he is not engaged in the prosecution of a trade or business within the meaning of the act and upon which a charge as compensation for injury sustained by an employee casually engaged in doing such work can be imposed. (*Miller & Lux Inc.* v. *Industrial Acc. Com.,* 179 Cal. 764, [178 Pac. 960].)

The award is annulled.

Conrey, P. J., and James, J., concurred.