[S. F. No. 14353. In Bank.—February 23, 1932.]

AUGUST HENDRICKSON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MATT LIESKA, Respondents.

John A. McGilvray for Petitioner.

A. I. Townsend for Respondents.

SHENK, J.—Review to annul an award of the Industrial Accident Commission.

The petitioning employer, August Hendrickson, had been engaged in the contracting business in Berkeley. Shortly prior to May 21, 1929, he went to Alturas with the intention of engaging in the lumber business. Upon looking over the ground he considered that the lumber business was then being overdone at that place and definitely decided to

engage in the hardware business. He then set himself to the work of making the premises ready for the operation of the business. He engaged several men to do the necessary work of repairing and cleaning the building preparatory to actual exhibition and sale of merchandise. The respondent Lieska was employed and proceeded to remove rubbish from the basement. He worked less than two days. While so employed he ran a sliver in a finger of his left hand. The wound became infected and a permanently crippled hand resulted from blood poisoning. After numerous hearings before referees of the Commission and a rehearing before the Commission itself, an award was made in Lieska's favor against the employer in the sum of $1190.04, which included a ten per cent increase following a finding by the Commission, pursuant to section 29c of the act, that the employer had wilfully failed to secure the payment of compensation as required by the act.

The injury occurred on May 21, 1929. The increase of ten per cent was provided for in section 29c as amended in 1929. (Stats. 1929, p. 551.) The amendment became effective on August 14, 1929, or about three months after the date of the injury. It is conceded by the Commission that the amendment was not retroactive and that the increase of ten per cent was inapplicable to the case. For this reason, the award must in any event be annulled.

An important question should be settled for the guidance of the Commission on a reconsideration of the matter. It is earnestly contended by the petitioner that the employment of Lieska was both casual and not in the course of the business or occupation of his employer and that the employee is therefore excluded from compensation under the terms of section 8a of the act. It is conceded by the Commission that the employment was casual, but it is insisted that it was, as the Commission found, in the course of the business or occupation of the employer. Section 8c of the act provides that "the phrase 'course of the trade, business, profession or occupation of his employer' shall be taken to include all service tending toward the preservation, maintenance or operation of the business premises or business property of the employer", and that the words "trade, business, profession or occupation of his employer" shall

be taken "to include any undertaking actually engaged in by him with some degree of regularity".

We think the services performed by Lieska at the time of the injury bring his case within the foregoing definitions. The evidence establishes beyond question that the purpose of cleaning up the store building was to put the same in condition to operate the hardware business. In a true and definite sense the service rendered by Lieska *tended toward* the operation of the business and the preservation of the business property of the employer. The statute plainly contemplates that the preparatory work of putting the premises in shape for conducting a business immediately to follow shall be deemed in the course of that business. It is a part of the "undertaking" entered upon by the employer. In other words, the work of making business premises ready for the conduct and operation of the business is a part of the business as contemplated by the act. The case of *Brandon* v. *Industrial Acc. Com.*, S. F. No. 12272, cited by the Commission, is closest in point of fact. In that case an application to review and annul an award of the Commission was denied by this court on November 4, 1925. It there appeared that one Swartz was engaged by Brandon to assist in constructing a small real estate office in preparation for the operation of a real estate business by Brandon. During the course of the work, all of which preceded the actual conduct of the real estate business which followed, the employee was injured. The Commission granted an award and the application for a writ of review was denied on the ground that the preparatory work of building the small real estate office tended toward the operation of the employer's business as contemplated by the act. In the case of *Rissman* v. *Industrial Acc. Com.*, 190 Cal. 619 [213 Pac. 991], relied upon by the petitioner, it was conceded that the employment was not in the course of the petitioner's business or occupation. The case turned on whether the employment was casual, a question not involved here. In *Pacific Employers' Ins. Co.* v. *Department of Industrial Relations*, 91 Cal. App. 577 [267 Pac. 880], it was held that the work of wrecking an old barn was not a part of the business of the employer, but was a special employment having nothing to do with the business in which the employer was engaged. Likewise the cases of *Lauzier* v. *Industrial*

*Acc. Com.*, 43 Cal. App. 725 [185 Pac. 870], and *Ford* v. *Industrial Acc. Com.*, 53 Cal. App. 542 [200 Pac. 667], turned upon the question whether the undertaking in which the employer was engaged and in connection with which the services were rendered, was the business or occupation of the employer within the meaning of the act. It was held that it was not. That dealing in hardware is a business cannot be questioned. When the necessary work of preparation was entered upon it was, under the terms of the act, as much a part of the business as the later sale of merchandise over the counter. To exclude employees engaged in repairing, renovating or remodeling premises or installing fixtures in preparation for operating a business by the employer, from the benefits of the act would be contrary to the obvious intent of the act as disclosed by its language. The liberal interpretation thereof enjoined upon the court by section 69 (a), if necessary to be invoked, would seem to render our conclusion inescapable.

 There is no doubt that the diabetic condition of the employee contributed to the serious results of the accident and prolonged his disability. We find no authority for prorating the extent of the disability due to the accident itself on the one hand and that due to the aggravation caused by the employee's physical condition on the other. The benefits of the act are not alone for those in prime physical condition. Those less fortunate are equally entitled to compensation, provided, of course, the injury arises out of and is sustained in the course of the employment. (*G. L. Eastman Co.* v. *Industrial Acc. Com.*, 186 Cal. 587 [200 Pac. 17]; *F. H. Gilcrest Lumber Co.* v. *Samuel D. Rengler*, 109 Neb. 246 [28 A. L. R. 200, 190 N. W. 578].)

For the sole reason that the addition of ten per cent as provided by section 29 (c) of the act was unlawful in this case, the award is annulled.

Preston, J., Langdon, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.