[Civ. No. 8625. Second Appellate District, Division Two.—February 3, 1933.]

FRED AUSTIN EDWARDS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and FRANCIS M. GRUBB, Respondents.

Bicksler, Parke & Catlin for Petitioner.

A. I. Townsend for Respondents.

STEPHENS, J. — The Industrial Accident Commission made a substantial award to Grubb, the applicant, who was before it asking compensation for injuries sustained in the course of his employment by Edwards, petitioner herein.

Thereafter an additional award was made by the Commission to applicant for medical costs.

■ Petitioner asks, by way of *certiorari*, that the awards be vacated for several reasons but presents but two, viz.: That Grubb was an independent contractor and that the work was casual and not in the regular course of trade, business or occupation of petitioner. The facts necessary to an understanding of our decision may be very briefly stated.

Petitioner is a bookbinder but has not been able to follow that vocation for several years. He owns a two-story building, the first story being divided into four small storerooms which are rented for small businesses. The second floor is divided into six apartments which are furnished and rented for living purposes. Petitioner and his wife live in one of them. No service of any kind is furnished the stores or apartments by petitioner. Occasionally petitioner makes small upkeep repairs about the premises and upon several occasions Grubb has been employed to make such repairs. Some roofing repairs were needed in the rear of one of the stores and petitioner asked Grubb to attend to it. Petitioner got trace of and secured prices upon some second-hand material and requested Grubb to look at it as to its condition. He did this, and the material was sent to petitioner C. O. D. Grubb furnished his own tools, employed a helper and the two went to work. While engaged thereon Grubb suffered the accident for which the awards were made.

Grubb and petitioner had agreed upon no definite compensation nor upon the time at which the work was to be done or completed except petitioner had expressed the wish that the work would be commenced the Monday following the engagement. Petitioner did not carry industrial accident insurance. After the accident Grubb's son helped finish the job and petitioner paid the son and the helper $16 which was the amount of their bill. The whole job cost much less than $100 and took less than 10 days to complete. Grubb had been employed by petitioner in the same way before for which he had been paid a reasonable compensation. We do not think the facts constitute Grubb an independent contractor but it is our opinion they indicate that the work was casual and not in the regular course

of trade, business or occupation of petitioner herein. For a complete consideration of the question see 50 American Law Reports, 176.

Upon the authority of *Lauzier* v. *Industrial Acc. Com.*, 43 Cal. App. 725 [185 Pac. 870], and *Ford* v. *Industrial Acc. Com.*, 53 Cal. App. 542 [200 Pac. 667], we order that the findings and the awards herein referred to be and they are hereby annulled.

Works, P. J., and Craig, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 3, 1933.