TAYLOR *v.* SENEY.

(Decided November 4, 1935.)

*Mr. James Harrington Boyd,* for plaintiff in error.
*Messrs. Geer & Lane,* for defendant in error.

OVERMYER, J.   The plaintiff in error, Madge B. Taylor, was plaintiff in the Court of Common Pleas where she filed a petition on appeal from an adverse decision of the Industrial Commission of Ohio on a claim presented by her for the death of her husband, H. L. Taylor.   Said petition alleges in substance that the defendant, Adah K. Seney, "on February 25, 1930, and for more than two years continuously prior thereto, was the owner of three or more apartment buildings and conducted the business of renting and leasing apartments of said apartment buildings in Toledo, Ohio; that she employed three or more workmen or operators regularly in said business; that said defendant failed to comply with the Workmen's Compensation Law of Ohio, and failed to contribute to the State Insurance Fund or qualify as a self-insurer under said act; that on February 25, 1930, H. L. Taylor was in the employ of the defendant, as a janitor and caretaker of one of the apartment buildings owned

and operated by the defendant in Toledo, Ohio, and while at work in the apartment where he was employed he was gassed while adjusting the compressor of a frigidaire in the basement and fell from a stepladder and died therefrom on November 5, 1931.''

Issue was joined, and on trial the court at the close of plaintiff's evidence sustained a motion of the defendant and directed the jury to return a verdict for the defendant for the reason that ''the evidence does not show that Mrs. Seney was engaged in business, profession or occupation, and was merely renting property which she owned, which is not a business, occupation or profession, within the meaning of the Workmen's Compensation Law; further, that the janitors were not her employes but were in fact independent contractors, and defendant therefore was not the employer of three or more persons within the meaning of the Workmen's Compensation Law.''

On this directed verdict for defendant judgment was entered, and plaintiff is now seeking the reversal of that judgment, claiming that said judgment is contrary to the evidence, against the manifest weight of the evidence, and is contrary to law. Plaintiff further claims that there was error in overruling plaintiff's motion for a new trial.

The record discloses that Mrs. Seney on the date of the accident owned three apartment properties in Toledo, located on different streets, all separated from each other, the janitor service in each being furnished by different persons; that she lived in California, and had entered into a contract with The Irving B. Hiett Company of Toledo, a corporation engaged in the real estate business, to manage said properties, for which the company received a 5% commission of rents collected. The Hiett Company took full charge of the properties and the owner reserved no supervision over its management of the properties.

The three properties owned by Mrs. Seney consisted of a twenty-five apartment building where claimant's husband was janitor; and two six-apartment buildings where H. E. Eldred and Henry Marshner were janitors. Mr. Taylor received as compensation a rent-free apartment and $50.00 in cash per month, paid to him by The Hiett Company out of rents collected; Mr. Eldred received no compensation other than a rent-free half-basement flat with heat and light; and Mr. Marshner received no compensation other than a rent-free half-basement apartment with heat and light; each of course in the respective building of which he was the janitor.

In the employ of The Irving B. Hiett Company which had charge of the management of said properties under contract with Mrs. Seney was one George W. Schneider in charge of the management of rental property for said company, whose duties, as he testified, consisted in "filling vacancies," seeing that the money comes in, and seeing "that they were kept in repair." In addition to the Seney apartments, he had a great many other apartments and buildings to look after for the Hiett Company.

Plaintiff claims that each of said three janitors were employees of Mrs. Seney, regularly employed in the same business by her on the date of the injuries to Taylor; and further claims that Mr. Schneider was an employee of Mrs. Seney by virtue of the provisions of subdivision 3 of Section 1465-61, General Code, as now in force. This paragraph might be pertinent if Schneider or his legal representatives were claimant, that is, if the injuries had been suffered by Schneider; but it has no application in respect to making Schneider an employee of Mrs. Seney for the purpose of constituting three or more persons in her employ, thus permitting recovery because of injury to Taylor. The very wording of that paragraph (Subdivision 3 of Sec-

tion 1465-61, General Code) makes it apparent that the benefits thereof can be claimed only by an injured employee of an independent contractor or subcontractor as therein referred to.

We hold that under the facts presented in this case Mrs. Seney was not engaged in "business" as contemplated by the Workmen's Compensation Law. She owned three properties in Toledo as an investment, and lived elsewhere, contracting with the Hiett Company to manage the properties for her, secure tenants for them, collect the rents, make repairs, and remit the unexpended balance of the rents to her.

"The owning and renting of four small houses for residence purposes does not constitute a 'business' within the meaning of the Workmen's Compensation Act, and the owner is not liable under the Act for injuries received by a carpenter employed for about one hour to repair the roof of one of the houses." *Lauzier* v. *Industrial Accident Commission,* 43 Cal. App., 725, 185 P., 870.

Counsel for claimant cite with approval in their brief the following:

"In the Attorney General's Opinions, 1914, Vol. 1, page 292, the opinion of Lindley, L. J., in Rose vs. Miller, 27 Ch. D., 88, is quoted as follows: 'The word [business] means almost anything which is an occupation as distinguished from a pleasure—anything which is an occupation or duty which requires attention as a business.'"

Applying this definition to the facts in this case, we construe it as definitely excluding Mrs. Seney as being engaged in "business." Nor can it be said that these men were engaged "in or about the same establishment." The one janitor of each of the three separate buildings having no duties to perform except in

his one building, the three cannot be tied together so as to constitute three employees ''in or about the same establishment.''

The evidence clearly shows that each of said janitors could perform his duties at such times and in such manner as he pleased; that at least one of said janitors had regular employment elsewhere; that he did his janitor work evenings and at odd hours; and as to two of the janitors the evidence shows that they furnished their own tools, that members of their families did the janitor work much of the time, that they could do the work themselves or have it done by others; that they could do the work whenever they wished and in such manner as they pleased, and that no right of control was reserved over them, and no reports required.

The foregoing facts are not disputed in the record, and it is apparent therefrom that the defendant, Mrs. Seney, was interested only in the results obtained and not in the manner or method employed in accomplishing the work. Under the undisputed facts shown, the court was not in error in holding that the defendant was not an employer of three or more employees, and the court would have been in error had it submitted the legal relationship between the janitors and Mrs. Seney to the jury.

''When the facts attending any issue in an action are admitted or the evidence in respect thereto is not in conflict, it is the duty of the trial court to charge the jury tho result that must follow an application of the law to the facts so established; and, where the question is whether the relation of master and servant or that of independent contractor arises by reason of such facts, the trial court should say to the jury which relation exists, and it is prejudicial error to

submit the determination of that question to the jury."
*Schickling, an Infant,* v. *Post Pub. Co.,* 115 Ohio St.,
589, 155 N. E., 143.

On the question of independent contractor, see
*Fisher Body Co.* v. *Wade,* 45 Ohio App., 263, 187 N. E.,
78, paragraph 2 of the syllabus.

We find no error in the judgment entered in the
Court of Common Pleas and the same is affirmed.

*Judgment affirmed.*

LLOYD and CARPENTER, JJ., concur.