[Civ. No. 19703. First Dist., Div. One. July 19, 1961.]

EDGAR A. WHEELER, Appellant, v. CALIFORNIA DEPARTMENT OF EMPLOYMENT et al., Respondents.

Charles P. Scully and Victor Van Bourg for Appellant.

Stanley Mosk, Attorney General, and Clayton P. Roche, Deputy Attorney General, for Respondents.

HOYT, J. pro tem.*—The appellant petitioned the court below for a writ of mandate directing the California Department of Employment to grant credit for certain wages received by him in its computation of his entitlement to unemployment compensation benefits. This appeal is from the judgment denying this writ of mandate.

The facts are simple and undisputed. One Joseph Stevenson undertook to build a house intended solely as his private residence, and decided to handle as much of the project himself as he could. Some of the work he subcontracted. For the rest, he hired a superintendent and foreman, and about six carpenters. The appellant was one of the carpenters.

Stevenson's principal trade or business was operating the Stevenson Equipment Company, a farm equipment distributorship. The services performed by the carpenters were in no way connected with this business, but were rendered Stevenson in his capacity as an individual building his own home.

Construction of the home began in January 1958, and continued intermittently into May 1958. During the calendar quarter ending March 31, 1958, none of the carpenters worked on as many as 24 days. During the succeeding quarter, four of the carpenters, not including appellant, worked on each of at least 24 days. Appellant worked on from 17 to 19 days in the first, and on 8 or 9 in the second of these quarters. He later filed a claim for unemployment benefits. The base period used in determining the amount of his weekly award included these two quarters during which he worked for Stevenson on the home-construction project. The California Department of Employment determined that the four carpenters who worked on each of some 24 days in the quarter ending June 30, 1958, were "covered employees" for the purposes of unemployment insurance benefit wage credits, but that appellant's services

---

*Assigned by Chairman of Judicial Council.

were excluded from "employment" under section 640 of the Unemployment Insurance Code, and that appellant was not entitled to credit for the wages which he received for this work in establishing his award of benefits.

The department's determination was affirmed by a referee, by the Unemployment Insurance Appeals Board, and by the court below. In each instance the ground of decision was that Stevenson, in constructing his private residence, was not engaged in a "trade or business" within the meaning of section 640 of the Unemployment Insurance Code, and that appellant's services, having been rendered on fewer than 24 days in either quarter, were therefore excluded from "employment" within the meaning of that section. By this appeal the matter is presented for the first time to the higher courts of this state. We agree with the construction given section 640 by the court below.

Under sections 1280 and 1281 of the Unemployment Insurance Code an individual's weekly benefit amount and his maximum amount of benefits are based upon "the amount of wages paid to the individual for *employment* by *employers*" during the quarter of his base period in which his wages were the highest. The code does not contemplate that all persons performing services shall have credit for all services in determining their unemployment compensation benefit. It contains many exemptions from "employment" though a person may be in the employ of an "employing unit" as defined in section 135. These excluded services are contained in sections 625 through 655 of the code. Section 640 provides: " 'Employment' does not include service not in the course of the employing unit's trade or business performed in any calendar quarter by an employee, unless the cash remuneration paid for such service is fifty dollars ($50) or more and such service is performed by an individual who is regularly employed by such employing unit to perform such service. For the purposes of this subdivision, an individual shall be deemed to be regularly employed by an employing unit during a calendar quarter only if on each of some 24 days during that quarter or the preceding calendar quarter such individual performs for such employing unit for some portion of the day service not in the course of the employing unit's trade or business." For service not performed in the employing unit's trade or business to be "employment" two things must concur: (1) The employee must be paid for such service in the calendar quarter $50 or

more, and (2) such service must be performed by one who is regularly employed by such employing unit to perform such service. An individual is regularly employed by an employing unit during a calendar quarter if on 24 days of that quarter (or the preceding quarter) he performs service for such employing unit which is not in the course of the employing unit's trade or business.

The Department of Employment has construed the term "trade or business" in a duly adopted rule. Section 640-1 of title 22 of the California Administrative Code reads in part: "(b) 'Service not in the course of the employing unit's trade or business' means service which does not, in any way, promote, advance or further the trade or business of the employing unit, and in no way tends toward the preservation, maintenance or operation of its business, business premises or business property. *Trade or business' includes any business or professional undertaking irrespective of its size or scope without regard to the principal trade or business of the employing unit.*" (Emphasis added.)

We think it clear beyond question that Stevenson's home-building activity was not within the scope of the term "trade or business" as delineated by the department. The contemporaneous administrative construction of a statute by those charged with its enforcement and interpretation unless clearly erroneous or unauthorized is entitled to great weight. (*Coca-Cola Co.* v. *State Board of Equalization,* 25 Cal.2d 918 [156 P.2d 1].) In the case just cited the Supreme Court stated at page 921, "Although not necessarily controlling, as where made without the authority of or repugnant to the provisions of a statute, the contemporaneous administrative construction of the enactment by those charged with its enforcement and interpretation is entitled to great weight, and courts generally will not depart from such construction unless it is clearly erroneous or unauthorized." In our opinion the interpretation is clearly correct.

Supporting this conclusion are cases decided under the California Workmen's Compensation Law, an analogous field of social welfare legislation. Section 3352 of the Labor Code excludes from coverage, "Any person whose employment is both casual and not in the course of the trade, business, profession, or occupation of his employer." It is also provided in section 3356 of the Labor Code that, " 'Trade, business, profession, or occupation of his employer' includes any undertaking actually engaged in by the employer with some degree

of regularity, irrespective of the trade name, articles of incorporation, or principal business of the employer.''

In discussing these provisions of the Labor Code it is stated in Hanna, The Law of Employees' Injuries and Workmen's Compensation (vol. 2) at page 80 that, ''The term 'undertaking actually engaged in . . . with some degree of regularity' means a business undertaking. [Citing *Lauzier* v. *Industrial Acc. Com.*, 43 Cal.App. 725 [185 P. 870].] It does not include work on a businessman's residence property not used in his business [citing *Arper* v. *Industrial Acc. Com.*, 121 Cal.App. 240 [9 P.2d 220]; *Pacific Employers' Ins. Co.* v. *Department of Industrial Relations*, 91 Cal.App. 577 [267 P. 880]], work on his property held solely for investment [citing *Ingram* v. *Department of Industrial Relations*, 208 Cal. 633 [284 P. 212]; *Ford* v. *Industrial Acc. Com.*, 53 Cal.App. 542 [200 P. 667]; *Lauzier* v. *Industrial Acc. Com.*, *supra*], or work on property he uses both as a home and holds solely for investment [citing *Edwards* v. *Industrial Acc. Com.*, 129 Cal.App. 447 [18 P.2d 979]].''

The obvious purpose of section 640 of the Unemployment Insurance Code is to exempt from ''employment'' work which is casual and therefore presumptively of short duration. However, section 640 by its own terms protects employees in the above categories if the casual employment is of extended duration, that is, 24 days or more during the calendar quarter or the preceding calendar quarter. We have been unable to find any support whatsoever for the view that the building of a private home by an individual for his personal residence would constitute a trade or business. For the reasons given, we feel compelled to conclude that one who is engaged in the construction of a private residence solely for his own use is not in a ''trade or business'' within the meaning of section 640 of the code. It follows that, since appellant's work was insufficient to make him ''regularly employed'' as that term is used in section 640, he was not entitled to credit for the wages received for this work in establishing his benefits award.

Appellant contends, however, that the result of such a decision is that though appellant's wages are considered for purposes of determining that Stevenson was an ''employer'' within the meaning of section 675 of the code, they are not considered for the purpose of determining whether appellant, as an employee, is a covered employee under the code. The answer to this contention is that the record clearly indicates

that Stevenson qualified as an "employer" within the meaning of that section on the basis of "wages for employment" which were paid to those carpenters who had worked on 24 or more days during the second quarter of 1958.

Appellant's remaining arguments are plausible only if it be assumed that Stevenson's Equipment Company activities and his homebuilding activities constituted distinct "trades or businesses." This view requires an assumption of the very point in controversy. A cursory reading of the record indicates that such a position is untenable.

The court is not unsympathetic to pleas that harsh results may attend legislative programs. Beyond this our mandate does not extend. ▪▪▪ As was stated in *Bodinson Mfg. Co.* v. *California Employment Com.,* 17 Cal.2d 321, 325 [109 P.2d 935]: "It is not the province of this court to consider the arguments of social policy which have been urged upon it by each side; these are matters which must be, and no doubt were, addressed to the legislature. We have no authority to question the wisdom or unwisdom of the scheme set up by the statute, and we cannot deliberate upon the social desirability of making benefit payments to groups which are excluded by the statute. The conditions under which benefits are to be paid have been provided by the legislature."

The judgment is affirmed.

Tobriner, Acting P. J., and Duniway, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 13, 1961. Peters, J., was of the opinion that the petition should be granted.