[No. A026008. First Dist., Div. Four. Sept. 23, 1985.]

MARGUERITE STEWART et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and
EVERETT PORTER, Respondents.

**COUNSEL**

Georgetta Beck, Lynne A. Thomas and Thomas D. Marple for Petitioners.

Laura G. Bruyneel for Respondents.

**OPINION**

**CHANNELL, J.**—In this case we determine whether the benefits of the workers' compensation law are to be extended to respondent Everett Porter (applicant), who was injured while making repairs to the home of petitioner Marguerite Stewart (employer). We conclude that applicant is excluded from the protection of the workers' compensation law by the provisions of Labor Code sections 3351, subdivision (d), and 3352, subdivision (h).[1]

Applicant, a 72-year-old carpenter and handyman, sustained injuries to his back when he fell off a roof while removing a tree limb from the roof

---

[1] All section references are to the Labor Code.

of the garage of Mrs. Stewart. Mrs. Stewart, age 85, has been living on an 85-acre parcel of land in an isolated rural section of Point Reyes for the past 35 years. After her husband died, she converted a portion of her home into an apartment and rented it to a tenant, primarily because she wanted a man about the property. She receives $150 a month in rental income. She derives no other income from the property and has engaged in no trade, business, or occupation since the 1930's. Over the past 20 years, Mrs. Stewart has employed applicant to do odd jobs around the residence, such as painting, raking leaves, carpentry, and other handyman chores. She paid him $7 per hour, and the income supplemented applicant's social security pension. On December 27, 1982, she asked applicant to remove an oak branch which had fallen on the roof of her garage. In the course of removing the branch, he slipped on some moss and fell off the roof.

■ When applicant filed his claim for workers' compensation benefits, employer raised the affirmative defenses of sections 3351, subdivision (d), and 3352, subdivision (h). After a hearing on the matter, the workers' compensation judge (WCJ) found that applicant had sustained the injury, but that he was a casual employee on that date and excluded from coverage. The Workers' Compensation Appeals Board (Board) granted reconsideration. In rescinding the findings and award, the Board found applicant to be a covered employee, reasoning that because Mrs. Stewart derived income from rental of a part of her residence, "applicant's job of fixing the garage roof was in the course of Mrs. Stewart's business of renting part of her property, including the garage."

Section 3351, in pertinent part, provides: " 'Employee' means every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed, and includes: . . . [¶] (d) *Except as provided in subdivision (h) of Section 3352,* any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of such owner or occupant." (Italics added.)

Section 3352, in pertinent part, provides: " 'Employee' *excludes:* . . . [¶] (h) Any person defined in subdivision (d) of Section 3351 who was employed by the employer to be held liable for less than 52 hours during the 90 calendar days immediately preceding the date of the injury for injuries as defined in Section 5411 or during the 90 calendar days immediately preceding the date of the last employment in an occupation exposing the employee to the hazards of such disease or injury for injuries as defined in Section 5412, *or* who earned less than one hundred dollars ($100) in wages

from such employer during the 90 calendar days immediately preceding the date of the injury for injuries as defined in Section 5411 or during the 90 calendar days immediately preceding the date of the last employment in an occupation exposing the employee to the hazards of such disease or injury for injuries as defined in Section 5412." (Italics added.)

The facts are undisputed that an employment relationship existed and that the injury arose out of and in the course of the employment. Accordingly, whether applicant was within a covered employment relationship is a question of law. (*In-Home Supportive Services* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 720, 729 [199 Cal.Rptr. 697].)

As used in subdivision (d) of section 3351, the term "course of the trade, business, profession or occupation" includes "all services tending toward the preservation, maintenance, or operation of the business, business premises, or business property of the employer." (§ 3355.) As used in subdivision (d) of section 3351 and in section 3355, the term "trade, business, profession, or occupation" includes "any undertaking actually engaged in by the employer with some degree of regularity irrespective of the trade name, articles of incorporation, or principal business of the employer." (§ 3356.)

If the work in question was actually performed in the course of Mrs. Stewart's business, liability for compensation would attach under the general provisions of the workers' compensation law. (§§ 3351, 3600; 1 Herlick, Cal. Workers' Compensation Law (3d ed. 1985) § 2.16, p. 34.)

Petitioners point to case law which appears to "carve[] out an exception to this broad principle." (1 Herlick, *supra,* Cal. Workers' Compensation Law (3d ed. 1985) § 2.3, p. 24.) These cases hold that the ownership and rental of a house by an individual for the purpose of supplemental income, when such owner has no particular or principal business, is not a business within the contemplation of the act. (*Lauzier* v. *Industrial Acc. Com.* (1919) 43 Cal.App. 725, 728 [185 P. 870].) *Lauzier* was followed in *Ford* v. *Industrial Acc. Com.* (1921) 53 Cal.App. 542 [200 P. 667], the court holding at page 545: "[W]here an individual invests his money in a house or houses which as owner he lets for profit, and at irregular times when demanded has labor performed in the repair thereof, he is not engaged in the prosecution of a trade or business within the meaning of the act and upon which a charge as compensation for injury sustained by an employee casually engaged in doing such work can be imposed. (*Miller & Lux Inc.* v. *Industrial Acc. Com.* [1919] 179 Cal. 764.)" To the same effect, see *Edwards* v. *Industrial Acc. Com.* (1933) 129 Cal.App. 447, 449 [18 P.2d 979]; see also *Ingram* v. *Department of Indus. Relations* (1930) 208 Cal. 633,

639 [284 P. 212]; *Wheeler* v. *Cal. Dept. of Employment* (1961) 193 Cal.App.2d 829, 833 [14 Cal.Rptr. 589].

The Board's finding is in conflict with the foregoing authority, which, although of ancient vintage, has not been overruled. Unless that authority is no longer viable, it must be followed by the Board and by this court. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) We hold that the cited authority is applicable under the circumstances of this case, and that Mrs. Stewart, in renting a portion of her residence to a tenant, was not engaged in a trade, business, occupation or profession within the meaning of the act.

Since the Board found that applicant was a covered employee by reason of the fact that Mrs. Stewart was engaged in a business, the Board did not consider whether applicant was excluded from coverage under the provisions of section 3352, subdivision (h). The WCJ had determined, however, that the applicant was so excluded because he worked less than 52 hours within the 90 days immediately prior to the injury. Applicant contends that since he earned more than $100 in the 90-day period immediately preceding the injury, he is not an excluded employee. The determination of this matter rests upon the interpretation of the language of the statute. This court is directed to "liberally construe" the statutes "with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (§ 3202.) In the solution of a problem such as this, our inquiry must be: "Is the employment *unmistakably excluded* by the terms of the act?" (*In-Home Supportive Services* v. *Workers' Comp. Appeals Bd.*, *supra*, 152 Cal.App.3d 720, 733, internal quotation marks omitted [italics in original].)

The parties have cited no appellate authority on the question whether a person who earned *more* than $100 but who worked *less* than 52 hours during the 90 calendar days preceding the injury is excluded from coverage. The Board, however, has addressed the issue in *Fulton* v. *Nichols and Allstate Insurance Company* (1978) 43 Cal.Comp.Cases 1137. Fulton had been paid a total of $164 but had worked only 22 hours in the preceding 90 days. The Board, in an en banc opinion, concluded that "[b]ecause applicant was employed . . . 'for less than 52 hours during the 90 calendar days immediately preceding the date of injury,' he is excluded from the definition of employee and from the benefits of the act." (*Id.*, at p. 1138; see also 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1985 rev.) § 5.01 [1] [k]; 1 Herlick, Cal. Workers' Compensation Law, *supra*, § 2.16; Cal. Workers' Compensation Practice (Cont.Ed.Bar 3d ed. 1985) § 3.10.)

The burden of proof rests on the employer to establish that an injured person is excluded from the protection of the act. (§ 5705, subd. (a).) Here,

as in *Fulton, supra,* 43 Cal.Comp.Cases 1137, it is undisputed that applicant worked less than 52 hours during the 90 calendar days immediately preceding the date of injury. We conclude that because applicant did not work the number of hours specified by the Legislature, he was excluded from the protection of the act by the provisions of sections 3351, subdivision (d), and 3352, subdivision (h).

The decision of the Board is annulled, and the matter is remanded to the Board for further proceedings consistent with this opinion.

Poché, Acting P. J., and Sabraw, J., concurred.

The petition of respondent Porter for review by the Supreme Court was denied December 30, 1985. Mosk, J., was of the opinion that the petition should be granted.