Filed 10/15/13  Bussard v. Ings CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| MATTIAS BUSSARD, | B244911 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC112353) |
| v. | |
| LLOYD INGS, | ORDER MODIFYING OPINION |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

The opinion filed October 4, 2013 is modified to correct a typographical error.  On page 9, paragraph 2, line 1, the sentence "A building owner's responsibility to proved a safe working environment . . ." is deleted.  In its place the following is to be inserted:  "A building owner's responsibility to provide a safe working environment . . . ."

_____     _____     _____
KUMAR, J.*                  MOSK, Acting P. J.          KRIEGLER, J.

_____

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 10/4/13 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MATTIAS BUSSARD, | B244911 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC112353) |
| v. | |
| LLOYD INGS, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Allan J. Goodman, Judge. Reversed.

Law Offices of Robert J. Scuderi and Robert J. Scuderi for Plaintiff and Appellant.

Demler, Armstrong & Rowland, James P. Lemieux and Robert W. Armstrong for Defendant and Respondent.

The California Occupational Safety and Health Act of 1973 (Cal-OSHA; Lab. Code, § 6300 et seq.) imposes a myriad of safety standards on employers. There are, however, exceptions to its applicability. The issue in this case is whether an employer of a worker hired to paint the eves of the employer's triplex rental property has contracted for work that falls within the "household domestic service" exception to Cal-OSHA regulations. We hold such labor does not constitute "household domestic service" and is therefore subject to regulation under Cal-OSHA. The trial court's order granting the employer's motion for summary judgment is reversed because the ruling was based on the erroneous application of the exception.

FACTS

Defendant and respondent Lloyd Ings is a retired telephone worker living in Simi Valley. He owns two triplexes in west Los Angeles to supplement his retirement income. Ings purchased one triplex in 1957 and the other in 1963. In 2009, the triplexes produced 75% of Ings's retirement income.

Plaintiff and appellant Matthias Bussard was a former neighbor of Ings. They became friends in 1999. Bussard lost his job as a mortgage broker at Wells Fargo Bank in March 2009.

In August, 2009, Ings agreed to pay Bussard $20 per hour to paint the eaves on one of the triplexes. On the first day of painting, Bussard walked backwards off the roof and sustained injuries. Bussard acknowledged there was nothing defective about the roof; he simply misjudged the size of it.

Ings paid Bussard's medical bills for a period of time, but stopped when it became too expensive. Bussard then filed this lawsuit against Ings.

3

DISCUSSION

Bussard's complaint contained three causes of action: (1) premises liability; (2) general negligence; and (3) "uninsured employer liability (Labor Code[,] § 3706 et seq.)."

Ings filed a motion for summary judgment. Ings argued, in part, that he could not be liable under negligence theories because Bussard admitted his own negligence was the only cause of the fall. In opposition to the motion, Bussard argued that Ings's failure to comply with Cal-OSHA requirements caused or contributed to his injuries.

The court ruled Bussard was not an employee of Ings for purposes of Workers' Compensation, and so Ings had no duty to purchase such insurance and no liability under Labor Code section 3706. The court also ruled Bussard was not an employee for purposes of Cal-OSHA and so Ings had no duty to comply with Cal-OSHA requirements. Because it was undisputed the fall was not due to any defect in the roof, the court ruled Ings had no liability for negligence. The court granted Ings's motion for summary judgment.

a. Trial court's ruling

The court ruled as follows on the Cal-OSHA issue: "[T]he work plaintiff was performing for defendant Ings is properly deemed 'maintenance' or 'repair' of a residential building and not a major capital improvement, per *Cortez v. Abich* (2011) 51 Cal.4th 285. Accordingly, the court finds that the 'household domestic services' exception found in Labor Code § 6303(b) should properly be interpreted to encompass this situation and preclude defendant Ings from having to comply with OSHA rules for such work because, under the facts of this case, this is not a traditional place of industry and business for which OSHA was meant to apply. In reaching this conclusion, the court specifically recognizes that case law provides this exception is to be interpreted broadly to a category of workers who are performing duties personal to the hirer and not performing duties which relate to a commercial purpose or business activity of the hirer. The court further agrees that public policy and statute's purpose are best served by this

4

interpretation of the 'household domestic service' exception, consistent with case law in the workers' compensation arena which holds that the 'ownership and rental of a house by an individual for the purposes of supplemental income, when such owner has no particular or principal business, is not a business within the contemplation of the Act' (*Stewart v. WCAB* (1985) 172 Cal.App.3d 351; [*Aubry*] *v. WCAB* (1995) 60 Cal.Comp.Cases 408; . . .) and that such should not be treated as a traditional place of business or industry within the contemplation of OSHA rules. Therefore, the court finds that defendant Ings was not obligated to comply with the OSHA statutes found in Labor Code § 6300, et seq., and particularly §§ 6400-6406, for Mr. Bussard's work on his rental property."

### b. Applicable law – summary judgment

A party is entitled to summary judgment if under the undisputed facts or facts as to which there is no reasonable dispute the party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 850.) A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at pp. 849, 854-855.) If the defendant meets this burden, the burden shifts to the plaintiff to set forth "specific facts" showing that a triable issue of material fact exists. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at p. 849.)

We review the trial court's ruling de novo and apply the same legal standard that governs the trial court. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 67-68.) We affirm the ruling if it is correct on any ground, regardless of the trial court's stated reasons. (*Truck Ins. Exchange v. County of Los Angeles* (2002) 95 Cal.App.4th 13, 20.)

## c. Applicable law – Cal-OSHA

Cal-OSHA was enacted "for the purpose of assuring safe and healthful working conditions for all California working men and women." (Lab. Code, § 6300.) A person is an "employee" for purposes of Cal-OSHA if he is directed by an employer "to engage in any employment." (Lab. Code, § 6304.1, subd. (a).) "'Employment' includes the carrying on of any trade, enterprise, project, industry, business, occupation, work . . . except household domestic service." (Lab. Code, § 6303, subd. (b).) "OSHA does not define 'household domestic service.' Nor does the relevant legislative history offer any guidance on the meaning of the phrase." (*Fernandez v. Lawson* (2003) 31 Cal.4th 31, 36.)

"In determining such intent, we look first to the words of the statute, "'giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase, and sentence in pursuance of the legislative purpose."' [Citation.] Although we give effect to a statute according to the usual, ordinary import of its language [citation], language that permits more than one reasonable interpretation allows us to consider 'other aids, such as the statute's purpose, legislative history and public policy.' [Citation.]" (*Cortez v. Abich* (2011) 51 Cal.4th 285, 292.)

## d. Analysis

Ings contends on appeal, as he did in the trial court, that the meaning of "household domestic service" should be decided by reference to workers' compensation law. The trial court agreed with Ings. We do not.

Workers' compensation law defines an "employee" as including "any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession or occupation of the owner or occupant," provided the person has worked 52 or more hours for the employer during the 90 days preceding the person's injury. (Lab. Code, §§ 3351, subd. (d); 3352, subd. (h).) "[O]wnership and rental of a house by an

6

individual for the purpose of supplemental income, when such owner has no particular or principal business, is not a business within the contemplation of the [Workers' Compensation] Act." (*Stewart v. WCAB, supra,* 172 Cal.App.3d at pp. 354, 355-356.)

The Workers' Compensation Act has different language and a different history than Cal-OSHA. Both sets of laws trace their roots to legislation passed in 1913 and originally used the term "household domestic service" to refer to a class of excluded employees. There, the similarities end. Workers' compensation contained an additional excluded class of employees consisting of any person whose duties were "both casual and not in the usual course of the trade, business, profession or occupation of his employer."

Over time, the laws diverged further. "Household domestic service" workers were changed from an excluded class of employees under worker's compensation law to an included one in 1975. (Stats. 1975, c.1263, p. 3314, § 4.) They were included in a new class of employee defined as "[a]ny person employed by the owner of a private dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the performance of household domestic service. . . . [H]ousehold domestic service shall include, but not be limited to, the care and supervision of children in a private residence." (*Ibid*.) Two years later, the term "household domestic service" was removed from the above definition of an employee, which was rewritten to read, "any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of such owner or occupant."[1] (Stats. 1977, c.17, p. 30, § 17.)

In contrast, the term "household domestic service" has continuously been used to describe an excluded class of employees in all "versions of the 'employment' definition" in worker safety law, including the most recent version of OSHA." (*Fernandez v.*

---

[1] The term remains in Labor Code section 3715, which details the rights of employees whose employer has failed to secure the payment of workers compensation as required.

7

*Lawson, supra,* 31 Cal.4th at p. 36.)  In other words, unlike Workers' Compensation rules, the Cal-OSHA regulations did not go through the vacillations on this issue.

The California Supreme Court has not looked to workers' compensation law for guidance in interpreting the phrase "household domestic service" in Cal-OSHA, and neither do we.  (See *Cortez v. Abich, supra,* 51 Cal.4th 285; *Fernandez v. Lawson, supra,* 31 Cal.4th 31.)[2]  Given the different history of the two laws, and the different language contained therein, we find no basis to conclude the interpretation of the "principal business" exception to workers' compensation recognized in *Stewart* dictates that the "household domestic service" exception  in Cal-OSHA applies to the Ings-Bussard employment relationship.

On two occasions, our Supreme Court has considered wage and hour regulations and unemployment insurance regulations in determining the scope of Cal-OSHA coverage for work done on a home.  (*Cortez v. Abich, supra,* 51 Cal.4th 285; *Fernandez v. Lawson, supra,* 31 Cal.4th 31.)  Both cases involved an owner-occupied single family home, and did not address the issue of Cal-OSHA's coverage of work done on rental units.  Nevertheless, the regulations cited by the Court do offer some guidance in this case.

Wage and hour regulations define "'household occupations'" in part as "'all services related to the . . . maintenance of a *private* household or its premises by an employee of a *private* householder.'"  (*Fernandez v. Lawson, supra,*  31 Cal.4th at p. 36 [italics added], quoting Cal. Code Regs., tit. 8, § 11150, subd. 2(i) .)

Similarly, regulations implementing unemployment insurance rules state "'[d]omestic service in a private home' includes service of a household nature performed by an employee in or about a *private* home in connection with the maintenance of the *private* home."  (*Cortez v. Abich*, *supra*, 51 Cal.4th at p. 293 [italics added].) Thus, the

---

[2] In *Cortez*, the Court did note that one workers' compensation case, *Crockett v. Industrial Acc. Com.* (1923) 190 Cal. 583, was consistent with the Court's holding in *Cortez* that household domestic service did not include work in an extensive construction and remodeling project.  (*Id*. at p. 296.)

wage and hour and unemployment insurance regulations "both view the concept of household occupations or service as specifically pertaining to the 'maintenance' of the *private* household or its premises, or the care of the householder's family." (*Id*. at pp. 294-295, fn. 3 [italics added].)

Bussard's work may have qualified as maintenance work. However, Ings's income-producing triplexes are not the equivalent of a private home. He does not live in either triplex and they are not located on the premises or grounds of his home. The above regulations suggest that Bussard's maintenance work on Ings's rental property is not "domestic household service."

Ings argues "the law is clear that courts realize (1) homeowners are not sophisticated people capable of navigating the complex world of OSHA and (2) that public policy (thus, far, more developed in workers' compensation cases) encourages individuals involved in other lines of work (accountants, secretaries, or here, a telephone worker) to buy rental property as supplemental retirement income and does not consider this 'commercial' in nature but rather deems it 'personal' in nature."

Even private homeowners must, under some circumstances, comply with Cal-OSHA. "Section 6303's definition of employment does not purport to categorically exempt all work performed for homeowners . . . ." (*Cortez v. Abich, supra,* 51 Cal.4th at p. 294 [extensive remodeling project by homeowner].)

More importantly, the non-resident owner of multiple rental units is not in the same position as a homeowner who occupies his own residence. The rental unit owner is a landlord and as Bussard points out, landlords enter "a whole new world of laws, including but not limited to, rent control, discrimination law, business taxes, zoning control and safety laws." A certain level of sophistication is required. Further, a landlord need not understand the detailed requirements of Cal-OSHA; he may delegate his duty to comply with Cal-OSHA by hiring an independent contractor to work on his rental properties. (*SeaBright Ins. Co. v. US Airways, Inc.* (2011) 52 Cal.4th 590, 601 [when hirer hires an independent contractor, delegation of Cal-OSHA duties to the independent contractor is implied].)

Ings offers no authority to support his claim that public policy encourages the purchase of rental property for supplemental retirement income. The workers' compensation exclusion for supplemental income was adopted without elaboration from English law over 90 years ago. (*Lauzier v. Industrial Acc. Commission of Cal.* (1919) 43 Cal.App. 725, 727 [following English case law interpreting the English workers' compensation act "which has furnished the model and substance for many of the state enactments covering this subject, including our own" and holding that "a landlord owning several houses and having an interest in others, all of which were let to tenants, was not engaged in 'a trade or business' within the meaning of the law" ].) We see nothing in subsequent California cases discussing a policy of encouraging rental property purchases for retirement income.

A building owner's responsibility to proved a safe working environment for employees who work on the building should not turn on the "reason" he bought the building. There is no rational basis to treat a person who purchases a building to generate supplemental income any differently than one who purchases an identical building to generate his primary income.

e. Labor Code Section 2750.5

Section 2750.5 establishes a "rebuttable presumption" that a worker performing services for which a license is required is an "employee rather than an independent contractor." The party attempting to rebut that presumption and establish the worker as an independent contractor must satisfactorily prove the worker: (1) "has the right to control and discretion as to the manner of performance of the contract for services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for;" (2) "is customarily engaged in an independently established business;" and (3) has a "bona fide" independent contractor status as opposed to a "subterfuge to avoid employee status." In addition to these factors, the second to last clause in section 2750.5 requires "any person performing any function or activity for which a license . . .

10

pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code [to] hold a valid contractors' license as a condition of having independent contractor status."

Ings contends the trial court improperly relied on the penultimate clause and "accepted" the "premise" that section 2750.5 made him an employee as a matter of law simply because Bussard was an unlicensed contractor doing work that required a license. Ings seems to take the position that, if the trial court had not applied the licensing requirement clause to Bussard, it would have necessarily concluded Bussard was an independent contractor who is not protected by Cal-OSHA. Thus, he argues summary judgment could be affirmed on the basis that Bussard was not an employee as a matter of law and, therefore, was not entitled to the protections of Cal-OSHA. His position is not persuasive for two reasons.

First, the trial court did not rule on the applicability of the penultimate clause in section 2750.5. Indeed, Ings did not (a) provide *any* facts suggesting Bussard was an independent contractor, (b) argue the licensing requirement was inapplicable to Bussard, or (c) argue Cal-OSHA was not applicable to independent contractors. It is improper for him to litigate this issue for the first time on appeal. The argument is forfeited. (*People v. Edwards* (2013) 57 Cal. 4th 658, 709; *Browne v. County of Tehama* (2013) 213 Cal. App. 4th 704, 725 *Oiye v. Fox* (2012) 211 Cal. App. 4th 1036, 1065 [arguments available to an appellant "are limited by what he argued in the trial court"].)

Second, notwithstanding forfeiture, Ings does not address the remaining factors in section 2750.5—all of which, based on the current state of the record, weigh *against* a determination that Bussard was an independent contractor. Indeed, there are no undisputed facts in the separate statement of material facts that rebut the presumption Bussard was an employee. Ings's argument regarding the inapplicability of the penultimate clause of section 2750.5 is no basis to affirm the order granting summary judgment.

DISPOSITION

The order granting summary judgment is reversed.  Bussard is entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

MOSK, Acting P. J.

KRIEGLER, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.