Ktnkade, J.
 

 This is a personal injury case. A boy 10 years old, while walking on a public street in Cincinnati, was struck and injured by a Ford touring car, owned and driven by one William L. Meader. Action for damages was brought by father as next friend in Hamilton county court of common pleas. The petition charged negligence of Meader in excessive speed, violative of city ordinance and statute, and alleged that Meader at the time was a servant and employe of the Post Publishing Company, was then engaged in the business of his employer, and was acting within the scope of his employment. The answer was, in effect, a general denial. At the close of plaintiff’s evidence in chief, and again at the close of all evidence, defendant moved the court for a directed verdict in its favor, for the reason that plaintiff had not only wholly failed to prove the relation of master and servant, but had clearly proved that
 
 *591
 
 Meader was an independent contractor only, for whose negligent acts the Post Company was in no way responsible. These motions as and when made were overruled, and exceptions duly preserved. The jury returned a verdict of $4,000 in favor of plaintiff. Motion for new trial was overruled, exceptions saved, and judgment entered, according to the verdict.
 

 On error, the Court of Appeals reversed this judgment of the trial court, and in so doing included in its entry of reversal the following statement:
 

 “The court finds that there are errors apparent upon the record in the proceedings of the court of common pleas, to the prejudice of the plaintiff in error. And the court further finds specifically that there is error apparent upon the face of the record in this, to wit: That the motions of the defendant below for an instructed verdict should have been sustained, for the reason that the uncontradicted testimony introduced by defendant in error disclosed that the relation of master and servant did not exist as between Meader, the owner and driver of the automobile involved, and the plaintiff in error, but that Meader was an independent contractor at the time the injuries complained of were sustained by the defendant in error.”
 

 Thereupon the Court of Appeals rendered final judgment in favor of the Post Company.
 

 The Court of Appeals found that its judgment so entered was in conflict with a judgment, on the same question, which had theretofore been rendered by the Court of Appeals of the Eighth
 
 *592
 
 Appellate District, and, so finding, the Court of Appeals of the First District ordered its record in this case certified to this court for review.
 

 We have examined the case in the Eighth District,
 
 Industrial Commission
 
 v.
 
 Clara Conley.
 
 We are unable to concur in the conclusion that that case presents a conflict with the judgment entered in this case. However, this case has been fully argued here on its merits, and the view we entertain in respect to it renders wholly unnecessary any discussion of this question of conflict.
 

 The plaintiff in the trial court called Meader, the owner and driver of the automobile, as a witness, and endeavored to establish by his testimony alone the relation of master and servant between the Post Company and Meader.
 

 The testimony of Meader was, in substance, that he was regularly employed as a teamster by an express company, and drove team for that company every day up to the hour of 2 o’clock, p. m.; that the balance of the time after 2 p. m. was his own in which he could do as he pleased; that he owned a Ford touring car, which he kept at his home, maintained at his own expense, used for the pleasure of his family and himself, and for any other purpose he saw fit; that he was one of a large number of parties who hauled bundles of newspapers from the publishing house of the Post Company to certain designated points of delivery in Cincinnati, from which points these newspapers were to be further distributed by others; that he had no agreement in writing with Post Company,
 
 *593
 
 and no oral agreement except that he was to be paid $1.50 per hour for time spent in hauling papers; that there was no fixed term of employment; that he was not obliged to haul every day, or on any day, he could haul or not haul as he saw fit; that he could use his own automobile, or substitute any other machine, or send any other driver with his (Meader’s) machine, or with any other machine, to do the hauling, or that he could disregard the whole matter on any day or at any time, leaving the Post Company to provide its own transportation; that he selected his own routes to reach the destination points marked on slips attached to the bundles; that he drove as and where he pleased, and took no orders in such matters from any one; that occasionally an employe of the Post Company rode in the back of the car to throw off the bundles as points of delivery were reached, and thus facilitated the work, but that such employe had no control over Header or the machine. Neither the Post Company nor the plaintiff offered any evidence contradicting the testimony of Header on the matter of his relation to the Post Company.
 

 There was no evidence in the case which justified the submission of this question of relation to the jury. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Robinson, Jones and Matthias, JJ., concur.