**HARING, Appellant,**

v.

**TRIANGLE EQUIPMENT CORPORATION, Appellee; MIHM, Admr., Appellant.**

[Cite as *Haring v. Triangle Equip. Corp.* (1992), 91 Ohio App.3d 432.]

Court of Appeals of Ohio,
Knox County.

No. 92–CA–03.

Decided Nov. 6, 1992.

*Thompson, Meier & Dersom* and *Thomas D. Thompson,* for appellant John M. Haring.

*Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A.,* and *Joseph E. Trester,* for appellee.

*Lee Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellant Patrick G. Mihm, Administrator.

Gwin, Presiding Judge.

Plaintiff, John M. Haring ("appellant"), appeals from the summary judgment entered in the Knox County Court of Common Pleas determining that appellant as a matter of law was not an employee of Triangle Equipment Corporation ("Triangle"), and was therefore not entitled to participate in the benefits provided under Ohio's Workers' Compensation Act, pursuant to R.C. 4123.01(A). Appellant assigns as error:

"The trial court erroneously granted summary judgement [sic] for appellee based upon the pleadings, affidavits, depositions, and memorandum [sic] submitted by the parties."

Triangle was an intrastate motor carrier licensed by the Public Utilities Commission of Ohio ("PUCO") providing shipping services to Empire–Detroit Steel Division of Mansfield, Ohio, and Marion Steel of Marion, Ohio. The PUCO license was a "contractor carrier permit" which allowed Triangle to provide its shipping services to the aforementioned entities. Triangle, as a licensed intrastate motor carrier, was subject to the rules and regulations of PUCO and the Interstate Commerce Commission ("ICC").

On July 18, 1988, appellant executed with Triangle a fifteen-page "Equipment Lease Agreement." Throughout said agreement, appellant was identified as an independent contractor and executed the agreement as same.

Pursuant to the agreement, appellant agreed to lease his 1975 Peterbuilt tractor and his 1973 Ravens flatbed trailer to Triangle. Triangle, during the term of the lease, gained "exclusive possession, control, use, and complete responsibility" over appellant's equipment, but did not gain such control over appellant. Paragraphs 3, 17 and 18 of the agreement indicate that while appellant must make the leased equipment available to Triangle, he was not obligated to operate the equipment. Instead, appellant was permitted to designate alternate drivers of the equipment if he advised Triangle of the identity of the drivers pursuant to the Department of Transportation Regulations.

Paragraph 3 of the agreement set forth the terms of the contractual relationship between appellant and Triangle:

"For the duration of this lease, CARRIER leases Equipment from INDEPENDENT CONTRACTOR for CARRIER'S exclusive possession, control, use and complete responsibility. CARRIER is subject to leasing regulations as enacted by the Interstate Commerce Commission, and that it is the intent of said parties that CARRIER shall fully comply with said regulations * * *."

It was undisputed that the above provision was mandated by PUCO and by the ICC to ensure that Triangle's liability for damage to cargo and/or persons using

the public highway would attach to the carrier whether it owned or leased the equipment.

The agreement further provided:

"8. INDEPENDENT CONTRACTOR warrants that Equipment is complete with all required accessories and is in good, safe and efficient operating condition and shall be so maintained at INDEPENDENT CONTRACTOR'S expense throughout the duration of this Lease. The choice of location and persons to perform any necessary repairs or maintenance is exclusively vested in INDEPENDENT CONTRACTOR. * * *

"9. It is agreed that while INDEPENDENT CONTRACTOR, his agents or employees, shall operate Equipment under the terms of this Agreement, CARRIER shall not be liable for any loss or damage to Equipment.

" * * *

"17. Both parties agree that, under this agreement, *neither INDEPENDENT CONTRACTOR nor its employees are ever to be considered employees of CARRIER at any time, under any circumstances or for any purpose,* and since there is no employer-employee relationship, *neither INDEPENDENT CONTRACTOR nor its employees are entitled to Workmen's Compensation benefits from CARRIER.* Subject to CARRIER'S obligation to comply with Federal or State regulations, drivers, helpers or other employees engaged by INDEPENDENT CONTRACTOR in the performance of his obligations under this agreement shall be solely under the control and direction of INDEPENDENT CONTRACTOR and shall be hired, directed, paid, controlled and discharged by INDEPENDENT CONTRACTOR. * * * *INDEPENDENT CONTRACTOR will not, for any reason, act or propose to act as an agent, representative or employee of CARRIER.*

" * * *

"20. INDEPENDENT CONTRACTOR agrees that he is *fully and solely responsible for all Workers' Compensation, payment or withholding taxes on income, unemployment insurance, old age pension, social security, employees' disability, and any other such costs or taxes with respect to drivers, operators, helpers, or other persons engaged by him,* and INDEPENDENT CONTRACTOR further agrees that he will supply CARRIER with satisfactory evidence of his compliance with this provision upon request." (Emphasis added.) Equipment Lease Agreement No. 859.

On March 21, 1989, while under the aforementioned contractual obligations, appellant was seriously injured when his tractor-trailer was involved in an accident.

As a result of his injuries, appellant subsequently filed for benefits with the Bureau of Workers' Compensation. Appellant's claim was disallowed by the district hearing officer of the Industrial Commission of Ohio upon the finding that appellant was not an "employee" of Triangle as defined under R.C. 4123.01(A). Appellant appealed the decision to the Toledo Regional Board of Review, which affirmed the district hearing officer's determination.

On appeal to the Industrial Commission of Ohio, the staff hearing officers reversed the decision of the Toledo Regional Board of Review and allowed appellant's claim. Triangle appealed the commission's decision to the Knox County Court of Common Pleas and appellant timely commenced the within cause by filing a complaint in that court alleging that he was entitled to participate in the benefits provided under Ohio's Workers' Compensation Act. As noted above, the court granted summary judgment in Triangle's favor.

■ The sole issue for our determination is whether the trial court erred in determining that appellant, as a matter of law, was not an employee of Triangle, but was instead an independent contractor at the time of his injury. Upon review of the record, we find the trial court did not err in its determination.

"Whether someone is an employee or an independent contractor is ordinarily an issue to be decided by the trier of fáct. The key factual determination is who had the right to control the manner or means of doing the work." *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881, paragraph one of the syllabus; *Gillum v. Indus. Comm.* (1943), 141 Ohio St. 373, 25 O.O. 531, 48 N.E.2d 234.

In *Gillum, supra,* the Ohio Supreme Court set forth the following test in paragraph two of the syllabus:

"Whether one is an independent contractor or in service depends upon the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created."

■ The factors to be considered in determining who has the right of control include, but are not limited to: "such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes travelled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts." *Bostic, supra,* 37 Ohio St.3d at 146, 524 N.E.2d at 884.

When reviewing motions for summary judgment pursuant to Civ.R. 56, "[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled." *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315.

Here, all evidence presented in favor of, and in opposition to, Triangle's motion for summary judgment was not disputed. Accordingly, the question of whether appellant was an employee or an independent contractor was a question of law to be decided by the court. *Bostic, supra; Schickling v. Post Publishing Co.* (1927), 115 Ohio St. 589, 155 N.E. 143, syllabus. However, appellant could have created a jury question on the issue if he offered some evidence that he was an employee rather than an independent contractor. *Bostic, supra,* 37 Ohio St.3d at 147, 524 N.E.2d at 884–885.

Appellant offered numerous arguments in support of his contention that he was an employee of Triangle. Nevertheless, upon review of the undisputed facts in this case, we believe reasonable minds could only conclude that appellant was an independent contractor and not an employee of Triangle.

First, appellant vehemently argued that Triangle controlled the manner and means of how appellant was to complete his work. In support of this argument, appellant cited various portions of the Equipment Lease Agreement wherein appellant was required to make timely deliveries and use the "shortest legal route on all loads offered." However, appellant conceded that Triangle did not set forth precise delivery routes for appellant.. In fact, the evidence suggested that appellant was required to take the shortest and safest legal route for all deliveries because of PUCO mandates.

Appellant next argued that he could not use his tractor-trailer for his own independent business pursuits. However, appellant's argument regarding Triangle's exclusive right to control the use of appellant's tractor-trailer fails to establish that appellant was an employee of Triangle.

First, appellant, under PUCO mandates, was required by law to display on his vehicle that Triangle was the entity responsible for the cargo being hauled in the tractor-trailer. Appellant could not engage in an independent occupation or business because his only authority to commercially operate his tractor-trailer was legally derived through appellant's PUCO authority. Therefore, Triangle's control over appellant's tractor-trailer was necessitated by PUCO regulations.

Although appellant was required by the Equipment Lease Agreement to obtain Triangle's approval as to who, other than appellant, could operate the tractor-trailer, such requirement was necessitated by PUCO regulations and Triangle's

exposure to liability. An employment relationship was certainly not established by Triangle's desire to limit its exposure to liability by making sure only responsible and licensed drivers operate its leased property.

Appellant also cited evidence that he, like employees of Triangle, was paid a percentage of the revenue derived from shipments. However, the stark difference between appellant and employees of Triangle existed by way of withholding taxes and workers' compensation contributions taken from the employees' percentage, but not appellant's. Incidentally, appellant admitted that he reported his earnings received from Triangle to the Internal Revenue Service as self-employment income.

Although appellant presented other arguments to support his position that he was an employee of Triangle, we find none of them to be meritorious. The fifteen-page contract and the undisputed evidence submitted on the issue clearly demonstrate that reasonable minds could only conclude that appellant was an independent contractor at the time of his accident.

Accordingly, we overrule appellant's sole assignment of error and affirm the judgment entered in the Knox County Court of Common Pleas.

*Judgment affirmed.*

PUTMAN, P.J., and MILLIGAN, J., concur.