TESTEMENT, Appellant,

v.

NATIONAL HIGHWAY EXPRESS, Appellee, et al.

[Cite as *Testement v. Natl. Hwy. Express* (1996), 114 Ohio App.3d 529.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17606.

Decided Oct. 2, 1996.

*Calhoun, Benzin, Kademenos & Heichel Co., L.P.A.,* and *Brian R. Walker,* for appellant.

*Bricker & Ecker, Charles D. Smith* and *Elizabeth A. Preston,* for appellee.

---

REECE, Presiding Judge.

Appellant, Claude Testement, appeals from a summary judgment granted by the Summit County Court of Common Pleas in favor of appellee, National Highway Express ("NHE"). We affirm.

For approximately nine to ten months, Testement was the driver of a tractor-trailer rig owned by Michael McDonald and leased by NHE. Testement was paid by McDonald, but received his load assignments from NHE. On June 2, 1993, Testement was delivering a load of 7–Up to the distribution center in Akron. While carrying a tray of 7–Up bottles, Testement slipped on a stray bottle and sustained injury to his lower back. Testement filed claims for workers' compensation benefits against both McDonald and NHE. After consolidating the two claims, the Ohio Bureau of Workers' Compensation allowed Testement's claim against NHE, reasoning that NHE was his employer at the time of the injury. This decision was affirmed on appeal to the Industrial Commission.

NHE appealed the decision of the Industrial Commission to the Summit County Court of Common Pleas pursuant to R.C. 4123.512. NHE moved for summary judgment, contending that the facts were undisputed that Testement worked as an independent contractor, and as such, he was ineligible to receive workers' compensation benefits. The trial court agreed, and granted summary judgment in favor of NHE.

Testement appealed and in his sole assignment of error contends that summary judgment was improper. In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. Pursuant to Civ.R. 56(C), summary judgment is proper if (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds could only find in favor of the moving party.

NHE moved for summary judgment, and with supporting evidence contended that Testement could not establish that he was an employee of NHE, a fundamental aspect of his workers' compensation claim. See R.C. 4123.46. NHE's motion for summary judgment forced Testement, the nonmoving party, to point to or submit some evidentiary material to demonstrate that a genuine dispute existed as to whether he was an employee of NHE. See *Henkle v. Henkle* (1991),

75 Ohio App.3d 732, 735, 600 N.E.2d 791, 793–794. Testement argues on appeal that he did present sufficient evidence to raise a question of fact on this issue.

Whether one is an employee or an independent contractor depends on the facts of a given case. The character of the arrangement is determined by who "reserves the right to control the manner or means of doing the work." If the employer retains control, the relation created is that of employer and employee, while if the worker is responsible to the other only for the result, he is deemed to be an independent contractor. *Gillum v. Indus. Comm.* (1943), 141 Ohio St. 373, 25 O.O. 531, 48 N.E.2d 234, paragraph two of the syllabus.

To determine who controls the "manner or means of doing the work," we must consider who has control over various aspects of the work such as details and quality of the work, hours worked, selection of materials, tools and personnel used, routes traveled, length of employment, type of business, method of payment, and any pertinent agreements or contracts. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884. Where the facts are undisputed, the question of whether a person is an employee or independent contractor is to be determined by the trial court as a matter of law. *Id.* The issue becomes a jury question only where the claimant offers some evidence that he was an employee rather than an independent contractor. *Id.* at 146–147, 524 N.E.2d at 884.

In support of its motion for summary judgment, NHE submitted the affidavit of NHE's vice president of operations, Gregory Buckey. Buckey stated that NHE had a contract with Michael McDonald in which McDonald agreed to lease NHE two tractor-trailer rigs. McDonald agreed to provide drivers for the two rigs and to retain all responsibility for their hiring, scheduling, payment and reporting of wages and expenses, and all other aspects of their control. McDonald further agreed that he would provide workers' compensation coverage on those drivers.

Buckey's affidavit explained that Testement was one such driver provided to NHE by McDonald. Other than ensuring that Testement was a qualified driver who complied with all federal transportation regulations, the only requirement NHE placed on Testement was that he meet a given deadline for each pickup or delivery. NHE had no control over the method in which Testement performed his assignments or the hours he worked. Most of NHE's dealings were with McDonald, not Testement.

The statements in Buckey's affidavit were supported by documentation including NHE's agreement with McDonald, McDonald's agreement with Testement, McDonald's certificate of workers' compensation coverage, the applicable federal regulations, and Testement's tax forms. Testement's tax forms further demon-

strated that McDonald had paid Testement as an independent contractor, and Testement had reported his income to the Internal Revenue Service as self-employment income.

Testement's brief in opposition to summary judgment was supported by his own deposition and unsworn documents from his Bureau of Workers' Compensation file. He attempted to establish an element of control primarily by the fact that NHE required him to submit to a screening process including qualification tests before it would allow him to drive the rig. Testement does not dispute that these tests were required by federal transportation regulations. Measures taken by NHE to comply with federal regulations do not demonstrate the element of employer control necessary to establish an employment relationship. See *Haring v. Triangle Equip. Corp.* (1992), 91 Ohio App.3d 432, 437–438, 632 N.E.2d 973, 976–977.

The only facts presented by Testement that even arguably demonstrated any control by NHE were that he had to call NHE to get load assignments and was required to attend monthly meetings with the other drivers. He failed to explain, however, what occurred at those meetings. Testement did not dispute the basic facts presented by NHE that demonstrated its lack of control over the specific details of Testement's work. NHE was concerned only with the final result: timely delivery of the load to its destination.

As Testement himself admitted when deposed, NHE had no control over the hours he worked or the routes he traveled. Although Testement was required to call in for assignments, he was also free to reject the assignment of any load and had done so on one occasion. It was McDonald who provided and maintained the tractor-trailer rig that Testement drove, and McDonald, rather than NHE, was the one who paid Testement and was the only one with whom Testement had any agreement.

Therefore, Testement's evidence that he was required to attend monthly meetings and to call in for assignments, when viewed in light of all the other factors demonstrating NHE's lack of control over his work, was insufficient as a matter of law to establish an employer/employee relationship. Therefore, summary judgment was proper because reasonable minds could only conclude that Testement was an independent contractor, not an employee of NHE. The assignment of error is overruled.

*Judgment affirmed.*

DICKINSON and SLABY, JJ., concur.