Plaintiff-Appellant, James Jones ("appellant"), appeals the decision of the Allen County Court of Common Pleas granting summary judgment in favor of Trademark Companies, Inc. ("appellee"). For the following reasons, we reverse the judgment of the court below.
The pertinent facts of the case are as follows. On September 15, 1997, Bo Krause,[1] the President and owner of appellee, sent appellant to 110 Harrison Avenue, Lima, Ohio, to repair the roof of a building. In the process of taking a measurement, appellant walked backwards off the roof of the building. As a result of the fall, appellant suffered an injury to his right ankle. It is undisputed that the appellant signed a contract and several "draw slips," which on their face indicated that appellant was an independent contractor.
Appellant filed a claim with the Bureau of Workers' Compensation believing he was entitled to participate as an employee of Trademark. The Industrial Commission denied appellant's claim and appellant appealed to the Allen County Court of Common Pleas. Appellee filed a motion for summary judgment. On May 1, 1999, the trial court granted the appellee's motion for summary judgment finding no issue of material fact regarding the employee/employer relationship between appellant and appellee.
It is from this judgment that appellant now appeals, asserting the following two assignments of error.
ASSIGNMENT OF ERROR NO. 1
 The trial court erred in holding that appellant was an independent contractor, and not an employee for purposes of participating in Ohio Workers' Compensation, thus improperly granting summary judgment to appellee/employer when material issues of fact existed as to whether appellant was an employee or an independent contractor.
 ASSIGNMENT OF ERROR NO. 2
 The trial court erred in holding that a written instrument purporting to create an independent contractor relationship controlled for purposes of determining whether a work relationship was that of an employee or independent contractor.
For the purposes of clarity and brevity, appellant's two assignments of error will be addressed simultaneously.
 Standard of Review for Summary Judgment
In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment, as did the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the nonmoving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C). Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56 (C), indicating that a genuine issue of material fact exists for trial.Dresher, 75 Ohio St.3d at 293.
Appellant asserts that the trial court erred in granting summary judgment in favor of appellee. Specifically, appellant asserts that a genuine issue of material fact remains to be litigated upon the issue of whether appellant was an employee or independent contractor.
In Gillum v. Industrial Comm. (1943), 141 Ohio St. 373, paragraph 2, syllabus, the Supreme Court of Ohio set forth the test for determining whether a person is an independent contractor, as follows:
 Whether one is an independent contractor or in service depends upon the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the rights to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created.
In determining the amount of control exercised over the alleged employee in order to determine his status, the Supreme Court has set forth certain factors to be considered. These factors include such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools, and personnel used; who selects the routes traveled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts.Bostic v. Connor (1988), 37 Ohio St.3d 144,146.
The Supreme Court also addressed when and by whom this test should be applied in stating:
 Generally, where the evidence is not in conflict or the facts are admitted, the question of whether a person is an employee or an independent contractor is a matter of law to be decided by the court. See Schlickling v. Post Publishing Co. (1927), 115 Ohio St. 589. However, the issue becomes a jury question where the claimant offers some evidence that he was an employee rather than an independent contractor. Bostic v. Connor, 37 Ohio St.3d at 146.
Included in the record are a deposition and an affidavit of Bo Krause. Krause indicates that appellee never had the right to control the manner and means of the work being done; appellant used his own tools, was not under any supervision, and was paid by the job. Krause further points out that the parties entered into a contract, which clearly indicates that the appellant was an independent contractor and as such would be responsible for obtaining liability and workman's compensation insurance.
Also included in the record is a deposition from appellant in which he indicates that he was first employed by appellee in 1996. In June of 1996, appellant filled out an employment application and was subsequently hired. According to the appellee's payroll ledger, appellant received weekly checks from Trademark from July 3, 1996 until September 13, 1996. During this time, appellant was paid an hourly rate of $5.00, with an eventual increase of $5.50 per hour.
Appellant further indicates that in 1997 he returned to work for appellee after receiving a phone call from Bo Krause asking him to come work for him. At the time, appellant was employed through a temporary employment agency. He left that agency and began working again for appellee. Appellant was instructed by Krause to report for work at the shop at 7:00 AM every morning and that he would work until 3:00 PM every afternoon. Appellant asserts that at first he was given janitorial tasks such as washing the company's vans and cleaning the shop and bathrooms. Shortly thereafter, appellant was sent to repair the roof of a building located at 110 Harrison Avenue,[2] the site where the injury occurred. Appellant, along with another person,[3]
reported to the appellee's shop every morning where Krause told them what tools to take with them that day. They loaded the appellee's van with the necessary equipment and supplies, also furnished by the appellee, and drove to the job site. Appellant further alleges that Krause himself came to the job site several times and instructed them on how to pitch the roof. Appellant contends that he was paid on an hourly basis and no alternate method of payment was ever discussed.
Thus the issue before this court is whether the appellant has presented sufficient evidence to put his status as an independent contractor in dispute. The contract entered into between the parties and the "draw slips" signed by the appellant clearly designate appellant as an independent contractor. While the appellant does not dispute signing the contract and subsequent draw slips, he states that they were presented to him after he had begun, and in some instances completed, the work and receipt of his paycheck was made contingent upon him signing these agreements. By construing the evidence in the light most favorable to the nonmoving party, it is appears that a genuine issue of material fact is created.
Regardless of the validity of these contracts, any agreement between the parties is only one factor that must be considered when determining whether a person is an employee or an independent contractor. Applying the factors set forth in Bostic, the appellant satisfied his burden by submitting sufficient evidence to permit reasonable minds to differ on the issue of who had the right to control the manner or means of doing the work.
For the stated reasons, we find that a genuine issue of material fact remains to be litigated as to whether appellant was an independent contractor or an employee of appellee at the time of the injury. Therefore, appellant's first and second assignments of error are well taken.
Accordingly, having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
 WALTERS and SHAW, JJ., concur.
[1] Bo Krause is also referred to in various places in the record as Brian Krause.
[2] Bo Krause owned this building.
[3] Matt Stebleton was also working on the project at 110 Harrison Avenue.