JOURNAL ENTRY AND OPINION
Plaintiff-appellant Curtis Pavlick requested and was denied Workers' Compensation benefits by the Industrial Commission of Ohio. The appellant appeals from the decision of the trial court upholding the determination of the Industrial Commission. The parties filed cross motions for summary judgment. The court granted the defendant-appellee's motion and denied that of the appellant.
The appellee's motion was supported by portions of the deposition testimony of the appellant and the affidavit of Anthony Ianiro, the finance director of the City of University Heights at the time the appellant was injured. The appellant's motion was supported by the appellant's affidavit and copies of financial records. The depositions of both the appellant and Fire Chief Kosmerl were filed with the court.
On October 8, 1997, the appellant was injured while performing a welding repair on a garbage truck for the City of University Heights. The appellant was continually employed by the city as a firefighter/EMT from 1982 until June 1998. In 1984 or 1985 the appellant, who was an experienced and skilled welder, began performing welding repairs for the city. The original welding tasks were for the fire department. The repairs were performed in the service garage, located directly behind the fire station, and were made with city equipment.
A system of compensation for these welding tasks was developed by the fire chief and the city service director. If the repair was performed by the appellant while he was on duty as a fireman, there was no additional compensation other than his pay as a fireman. When the appellant performed welding repairs for the city during his off-duty hours, a bill was submitted to the department which required his services. The city would pay the appellant an hourly rate and send him a 1099 form at the end of the year. The appellant testified at his deposition that this system of compensation was instituted so that the city would not have to pay him at his overtime rate as a fireman for the welding he performed during his off-duty hours. The rate the appellant was paid for the off-duty welding was comparable to the pay of the pay levels in the service department.
When the city wanted the appellant to perform a welding repair, he would be contacted by either the service department manager or by the head mechanic. The appellant would determine whether or not the job could be done and whether or not the appropriate materials were available. He would effect the repair and then submit his bill to the mechanic. The appellant does own his own welding equipment, but on only one occasion was it used for the benefit of the city.[1] The cutting torches, tanks, tips, oxyacetylene torches, bench grinder and hand grinder, chipping hammers, electrodes, hammers, and any other necessary equipment, were all supplied and maintained by the city.
The appellant deposed that the city mechanic would establish the priorities and determine what needed to be done and in what order. The appellant would then resolve the problem presented to him and determine how to accomplish the desired ends. Even with changes in personnel, be it the fire chief, the safety director, or the mechanic, neither the procedure for performing the welding, nor the procedure for compensation of the appellant, changed. The appellant also deposed that he did not control the time of the repairs. No written contract was ever entered into between the parties, the appellant testified that there was a gentleman's agreement.
There were times when the welding tasks for the city were supervised by the fire chief. One case in point was the repair done to the stainless steel cover for the swimming pool slide controls. Even at those times, the request made to him was whether or not he could effect a repair which would accomplish a goal. If the appellant had the knowledge and the ability he would make the repair.
On the day the appellant was injured, he was performing a welding repair of a garbage truck for the service department during his off-duty hours. The mechanic was present. The city was never invoiced for this work.
The deposition of Fire Chief John Kosmerl was also filed with the trial court. Chief Kosmerl assumed his position as fire chief in 1990. When asked during the deposition whether or not the duties of a fireman included welding, the chief responded I don't know if you could say yes or no to that. The men do many duties in a small department. (Kosmerl Depo. T. 8.) Other firemen are also engaged by the city, on off-duty and on-duty hours, to perform a variety of services for the fire department such as mechanical work, carpentry, and painting. Chief Kosmerl acknowledged that the appellant performed welding repairs for the fire department while on duty. When the appellant was off-duty and he performed welding repairs for the fire department, he submitted an invoice for his services.
During the appellant's on-duty hours, if the service department wanted to consult with the appellant, the service department personnel would contact Chief Kosmerl. Permission would be given if possible. There were also some instances where the appellant would seek permission himself.
The appellant sets forth two assignments of error which will be considered together:
 AS A MATTER OF LAW, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT-APPELLEE, CITY OF UNIVERSITY HEIGHTS, FINDING THAT PLAINTIFF-APPELLANT WAS AN INDEPENDENT CONTRACTOR AND NOT AN EMPLOYEE OF THE DEFENDANT-APPELLEE WHEN THE EVIDENCE ESTABLISHED THAT PLAINTIFF-APPELLANT WAS IN FACT AN EMPLOYEE OF DEFENDANT-APPELLEE ASSIGNED TO THE FIRE DEPARTMENT.
 AS A MATTER OF LAW, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT-APPELLEE, CITY OF UNIVERSITY HEIGHTS, ON THE ISSUE OF WHETHER PLAINTIFF-APPELLANT WAS AN EMPLOYEE OR INDEPENDENT CONTRACTOR WITH THE DEFENDANT-APPELLEE WHEN THE EVIDENCE CLEARLY SHOWED PLAINTIFF-APPELLANT TO BE AN EMPLOYEE OF THE DEFENDANT-APPELLEE.
The appellant asserts that he was an employee of the City of University Heights on the day he was injured, that he was injured performing work for the city, and that he is therefore entitled to participate in the worker's compensation fund. The appellant states that the financial arrangement was determined by the city as a financial benefit for the city. The appellant points out that he performed welding repairs for the city both on-duty and off-duty, and had the accident occurred while he was working for the service department but was on-duty, he would clearly be entitled to participate in the fund. The appellant argues that while he was off-duty at the time of the injury, since he was paid by the same entity, the City of University Heights, it is a distinction without a difference. Secondly, the appellant asserts that he does not meet the criterial for independent contractor status.
This court reviews the lower court's grant of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704 . An appellate court applies the same test as the trial court. Zaslov v. The May Dept. Stores Co. (Oct. 1, 1998), Cuyahoga App. No. 74030, unreported. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come but to one conclusion; and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Turner v. Turner (1993), 67 Ohio St.3d 337, citing to Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, and Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A court is permitted to grant a motion for summary judgment where all of the tests provided in Civ.R. 56 are met. See Celotex Corp. v. Catrett (1986), 477 U.S. 317, 323.
In the matter now before this court, neither party asserts that there is any question of fact and neither party has suggested that this issue is one to be resolved by a jury. The appellant was injured during off-duty hours while performing welding services for his full-time employer, the appellee. Where the evidence is not in conflict, or the facts are admitted, the question of whether a litigant is an employee or an independent contractor is one of law. Schlicking v. Post Publishing Co. (1927), 115 Ohio St. 589.
In the City of Hamilton v. State Employment Relations Bd. (1994),70 Ohio St.3d 210, the Ohio Supreme Court cited to paragraph two of the syllabus in Gillum v. Indus. Comm. (1943), 141 Ohio St. 373, for the proposition that:
 Whether one is an independent contractor or in service depends upon the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created.
The Ohio Supreme Court has recently reiterated that in order to participate in the workers' compensation fund, an employee's injury must have occurred in the `course of employment' and it must `arise out of the employment.' Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, citing to Fisher v. Mayfield (1990), 49 Ohio St.3d 275. In Ruckman, the court noted that although a time, place and manner test is generally applied, they are merely factors and not the ultimate object. The court stated:
 The phrase in the course of employment limits compensable injuries to those sustained by an employee while performing a required duty in the employer's service. Indus. Comm. v. Gintert (1934), 128 Ohio St. 129, 133-134. `To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer.' Sebek v. Cleveland Graphite Bronze Co. (1947), 148 Ohio St. 693, paragraph three of the syllabus. An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business. Kohlmayer v. Keller (1970), 24 Ohio St. 10, 12.
In the case sub judice, the appellant was injured while performing services for a department other than the one to which he is assigned on a full-time basis. When examining the evidence regarding the work itself, the appellant was quite clearly responsible for where, when, and how the work was accomplished. He selected the tools, the manner in which to proceed, the hours, and the time. While the appellee may have set up a system of remuneration for its own benefit, at some point, the appellant agreed to perform the requested duties under this system. There is no allegation that there would have been adverse consequences had he declined. Evidence which also supports this independent contractor status is the fact that the city issued a 1099 form each year to the appellant for services performed during off-duty hours and the fact that the appellant filed his taxes accordingly. The appellant did, although only one time, perform welding services for a neighboring community.
After considering all of the evidence submitted to the trial court, this court holds that the trial court did not err in granting the appellee's motion for summary judgment. The appellant is an independent contractor and not entitled to participate in the worker's compensation fund.
The appellant's assignments of error are overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
FRANK D. CELEBREZZE, JR., J., and LAWRENCE GREY, J.* CONCUR.
* SITTING BY ASSIGNMENT: Judge Lawrence Grey, Retired Judge of the Fourth District Court of appeals.
[1] This excludes the appellant's personal welding shield which he preferred. The city provided the repair parts as needed for the shield. Additionally, there was a onetime use of a protective leather sleeve.