OPINION
{¶ 1} Appellant, Robert Archibald, was a television cable installer with appellee, Gold Key, Inc. dba Network Connectors, performing cable installations for Time Warner, Inc. On March 6, 1999, while installing cable, appellant fell from a ladder, sustaining serious injuries.
 {¶ 2} Thereafter, appellant filed a claim for workers' compensation. The Industrial Commission denied appellant's claim, finding appellant was an independent contractor and not an employee of appellee.
 {¶ 3} On February 23, 2001, appellant filed a complaint against appellee and the Administrator of the Bureau of Workers' Compensation. Appellee filed a motion for summary judgment on September 17, 2001, claiming appellant was an independent contractor. The Administrator joined in this motion. During a status conference on October 26, 2001, the trial court granted the motion.
 {¶ 4} On December 6, 2001, appellant filed a motion for reconsideration of the trial court's October 26, 2001 decision, and motion for summary judgment, claiming he was entitled to workers' compensation coverage as an employee of a non-complying subcontractor. The Administrator filed a cross-motion for summary judgment on January 11, 2002. By judgment entry filed March 21, 2002, the trial court denied appellant's motions and granted the Administrator's motion.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED IN GRANTING JUDGMENT AS A MATTER OF LAW AGAINST THE PLAINTIFF-APPELLANT DETERMINING THAT HE WAS AN INDEPENDENT CONTRACTOR AND NOT THE EMPLOYEE OF THE DEFENDANT-APPELLEE GOLD KEY INC. AT THE TIME OF HIS INJURIES BECAUSE THAT ISSUE IS ONE OF FACT FOR THE JURY."
 II {¶ 7} "THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR JUDGMENT THAT AS A MATTER OF LAW HE WAS THE EMPLOYEE OF AN UNINSURED SUB-CONTRACTOR AT THE TIME OF HIS INJURIES AND WAS ENTITLED TO WORKERS' COMPENSATION BENEFITS UNDER 2123.01."
 I {¶ 8} Appellant claims the trial court erred in granting summary judgment to appellees. Specifically, appellant claims the trial court erred in finding he was not an employee of Gold Key and therefore not covered under workers' compensation. We agree.
 {¶ 9} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448:
 {¶ 10} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 11} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 12} From our review of appellant's deposition and the affidavits of Rodney Musisca, Gold Key's manager, and Bret Moore, Gold Key's field supervisor and installer, it is clear appellant signed a contract to be an independent contractor of Gold Key. Appellant admits he signed the agreement as a pre-condition to employment, and was aware that he was responsible for his workers' compensation insurance. Archibald depo. at 21-22. As a matter of fact, appellant had previously entered into the same working agreement and had provided his own workers' compensation coverage. Id. at 43, 52-53. Appellant let the workers' compensation coverage lapse prior to returning to Gold Key and prior to being injured. Id. at 44, 64. Appellant even made a claim for his injury under his lapsed workers' compensation coverage. Id. at 64.
 {¶ 13} Appellant argues despite the above facts, Gold Key so controlled the manner and means of doing his work that there arose an employment relationship. In support of this argument, appellant sites the case of Bostic v. Conner (1988), 37 Ohio St.3d 144, wherein the Supreme Court of Ohio held the following at 146:
 {¶ 14} "The determination of who has the right to control must be made by examining the individual facts of each case. The factors to be considered include, but are certainly not limited to, such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes travelled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts."
 {¶ 15} The Bostic court further stated "[w]hether someone is an employee or an independent contractor is ordinarily an issue to be decided by the trier of fact. The key factual determination is who had the right to control the manner or means of doing the work." Bostic at 145-146.
 {¶ 16} In an effort to rebut the written subcontractor agreement, appellant points to R.C. 4123.01(A)(1)(c) which sets forth a twenty point test for determining whether an individual is an employee:
 {¶ 17} "(A)(1) `Employee' means:
 {¶ 18} "(c) Every person who performs labor or provides services pursuant to a construction contract, as defined in section 4123.79 of the Revised Code, if at least ten of the following criteria apply: * * *"
 {¶ 19} As Gold Key points out, this case does not involve a construction employment issue and therefore R.C. 4123.01(A)(1)(c) does not apply because Gold Key does not meet the definition of R.C.4123.79(C)(2) which states as follows:
 {¶ 20} "(C) As used in this section:
 {¶ 21} "(2) `Construction contract' means any oral or written agreement involving any activity in connection with the erection, alteration, repair, replacement, renovation, installation, or demolition of any building, structure, highway, or bridge."
 {¶ 22} Essentially, the facts are not in dispute. Appellant signed the independent contractor agreement as a condition of employment. Archibald depo. at 20-21. He was paid per installation, but trained by Gold Key. Id. at 23-24. He wore a designated uniform, purchased specialized tools from Gold Key, paid for the use of a Gold Key truck, received work orders each day from Gold Key at a designated location, collected payment from customers, returned receipts at the end of each day to Gold Key and was responsible for notifying Gold Key of when he would not be reporting to work. Archibald depo. at 21-22, 25-26, 27, 33, 35-36, 38-39, 40-41, 48 and 82.
 {¶ 23} Although it is true a summary judgment motion may be granted when facts are not in dispute, it is not true when reasonable minds could come to different conclusions:
 {¶ 24} "Generally, where the evidence is not in conflict or the facts are admitted, the question of whether a person is an employee or an independent contractor is a matter of law to be decided by the court. See Schickling v. Post Publishing Co. (1927), 115 Ohio St. 589, 155 N.E. 143, syllabus. However, the issue becomes a jury question where the claimant offers some evidence that he was an employee rather than an independent contractor." Bostic at 146-147.
 {¶ 25} Because of the different interpretations available to the numerous undisputed facts, we conclude the question of whether appellant was an independent contractor or an employee is a jury issue.
 {¶ 26} Assignment of Error I is granted.
 II {¶ 27} Appellant claims the trial court erred in finding he was not entitled to workers' compensation benefits by operation of law pursuant to R.C. 4123.01. We disagree.
 {¶ 28} R.C. 4123.01(A)(1) permits employees of uninsured independent contractors or subcontractors to be covered by the general contractor's workers' compensation:
 {¶ 29} "Every person in the service of any independent contractor or subcontractor who has failed to pay into the state insurance fund the amount of premium determined and fixed by the administrator of workers' compensation for the person's employment or occupation or if a self-insuring employer has failed to pay compensation and benefits directly to the employer's injured and to the dependents of the employer's killed employees as required by section 4123.35
of the Revised Code, shall be considered as the employee of the person who has entered into a contract, whether written or verbal, with such independent contractor unless such employees or their legal representatives or beneficiaries elect, after injury or death, to regard such independent contractor as the employer."
 {¶ 30} R.C. 4123.01(A)(2) permits partners, sole proprietorships and family farm corporations to "elect to include as an `employee' within this chapter, any member of such partnership, the owner of the sole proprietorship, or the officers of the family farm corporation."
 {¶ 31} Appellant argues once the trial court determined he was not an employee of Gold Key, the trial court should have found he was an "employee of an uninsured subcontractor, himself." Appellant's Brief at 15.
 {¶ 32} If appellant is an independent contractor, he was his sole employee. Following appellant's argument, he would be rewarded for failing to live up to his agreement of being an independent contractor.
 {¶ 33} "Employee" is defined in R.C. 4123.01(A)(1)(b) as being in the "service of any person, firm, or private corporation, including any public service corporation." Appellant is not in the service of another therefore, the protection offered by the 4123.01(A)(2) does not apply.Martinez v. Trimble (December 29, 1995), Lucas App. No. L-95-160.
 {¶ 34} Assignment of Error II is denied.
 {¶ 35} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part, reversed in part and remanded.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
topic: summary judgment — independent contractor v. employee.