{¶ 23} Respectfully, I dissent.
 {¶ 24} The majority opinion has correctly focused the appellate issue for our resolution on the status Vajda enjoyed in his relationship with Brentwood Limousine, Inc.: as an employee, he would be entitled to coverage under the Commercial General Policy and therefore entitled to file a UM/UIM claim; as an independent contractor, he would not.
 {¶ 25} The trial court in this case granted summary judgment in favor of Brentwood on this issue. Under Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the non-moving party, and that conclusion is adverse to the non-moving party; and (3) the moving party is entitled to judgment as a matter of law.
 {¶ 26} Here, significantly, both parties moved for summary judgment, thus inferring that no genuine issue of material fact exists, as each sought judgment as a matter of law. Vajda, however, in addition, alternatively moved to deny Brentwood's request for summary judgment contending a factual issue existed regarding his status: employee or independent contractor.
 {¶ 27} In summary judgment cases, we are also guided by Dresherv. Bert (1996), 75 Ohio St.3d 280, where the court stated:
 {¶ 28} "* * * we hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."
 {¶ 29} In Bostic v. Connor (1988), 37 Ohio St.3d 144, the court stated that the key factual determination to be made when deciding whether an individual is an employee or an independent contractor is who had the right to control the manner or means of doing the work. It also explained as follows:
 {¶ 30} "Generally, where the evidence is not in conflict or the facts are admitted, the question of whether a person is an employee or an independent contractor is a matter of law to be decided by the court. SeeSchickling v. Post Publishing Co. (1927), 115 Ohio St. 589, 155 N.E. 143, syllabus. However, the issue becomes a jury question where the claimant offers some evidence that he was an employee rather than an independent contractor. See Laird, supra, at paragraph three of the syllabus. As set forth in O'Day v. Webb (1972), 29 Ohio St.2d 215, 58 O.O.2d 424,280 N.E.2d 896, paragraph four of the syllabus:
 {¶ 31} "`It is the duty of a trial court to submit an essential issue to the jury when there is sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue * * *.' (Emphasis sic.)"
 {¶ 32} On appeal, Vajda claims a genuine issue of material fact remains regarding whether he was an employee or an independent contractor at the time of his injury, and therefore he asserts the court improperly granted summary judgment in favor of Brentwood on this issue.
 {¶ 33} In my view, the court correctly granted Brentwood summary judgment, because Brentwood met its Dresher burden to demonstrate the absence of a genuine issue of material fact regarding Vajda's status under the Bostic directive: it is undisputed that Vajda decided whether or not to accept an assignment from Brentwood Limousine, thereby controlling the hours he chose to work as well as the customers he chose to serve. Further, when Vajda accepted an assignment, the customer, not Brentwood, controlled and directed the routes he drove. The fact that Brentwood issued him a 1099 tax form instead of an employee W-2 statement for tax purposes is a further indication that Brentwood did not consider him to be an employee.
 {¶ 34} I believe therefore that Brentwood demonstrated that Vajda controlled the manner and means of doing his work and that no genuine issue of material fact exists on that issue and therefore, reasonable minds can come to but one conclusion which is adverse to Vajda. Accordingly, I would affirm the judgment of the court, because it correctly ruled as a matter of law that Brentwood met its Dresher
burden, Vajda did not, and from the evidence in this record, no genuine issue of material fact exists regarding Vajda's status. For these reasons, I dissent.