DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on accelerated appeal from the judgment of the Lucas County Court of Common Pleas which granted appellees, Certified Power, Inc. ("Certified") and Component Technology ("Component"), summary judgment against appellant, Nicholas Poiry, Jr., representative of the estate of his son, Nicholas Poiry, III ("decedent"). Appellant asserts the following single assignment of error on appeal:
 {¶ 2} "The trial court erred in finding no genuine issues of material fact in ordering that defendants Certified Power, Inc. and Component Technology have summary judgment against plaintiff and that plaintiff's amended complaint be dismissed with prejudice against defendants Certified Power, Inc. and Component Technology."
 {¶ 3} This matter arises as a result of injuries sustained by decedent when a hydraulic cylinder, used to raise and lower the bed of a dump truck, malfunctioned. On October 18, 2002, the city of Toledo ("the city") hired Certified, and its wholly owned division, Component to repair the cylinder from one of its dump trucks. According to Jon Trace, an outside sales and application representative of Component, he informed the city employee who dropped off the cylinder that Component did not have the capacity to repair the cylinder due to its size, but could contact another service provider who could handle the repair.
 {¶ 4} Trace arranged with David N. Conaway/D.N.C. Hydraulic Service ("Conaway") for the repair of the cylinder. Once the cylinder was returned to Component from Conaway, Trace contacted the city to pick up the cylinder. Trace testified that, at no time, did Component make repairs to the cylinder or participate in the dismantling or reinstallation of the cylinder onto the dump truck.
 {¶ 5} On October 31, 2002, decedent was operating the city's dump truck when the hydraulic cylinder failed. Decedent's head struck the ceiling of the cab and he suffered injuries to his cervical and thoracic spine. On February 25, 2003, decedent filed suit against Certified, Component, and other entities of Certified.[1] Decedent died on October 10, 2003, as a result of hypertensive cardiovascular disease, which appellant alleged was related to the October 2002 incident. Following the filing of a suggestion of death, on April 12, 2004, appellant filed an amended supplemental complaint, adding Ed Pacheco[2] and Conaway as defendants.
 {¶ 6} On June 24, 2005, the trial court found no genuine issues of material fact and granted appellees summary judgment against appellant. Following settlement agreements, on September 22, 2005, a stipulation and order of dismissal was entered as to Pacheco and Conaway.
 {¶ 7} In his single assignment of error, appellant argues that the trial court erred in finding no genuine issues of material fact. In reviewing a motion for summary judgment, we must apply the same standard as the trial court. Lorain Natl.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). An appellate court reviews summary judgments de novo and without deference to the trial court's determination.Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App. 3d 704; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38.
 {¶ 8} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of any genuine issue of material fact as to the essential elements of the nonmoving party's claims or defenses. Dresher v.Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party's burden has been satisfied, the burden shifts to the nonmoving party, as set forth in Civ.R. 56(E). Id. at 293.
 {¶ 9} In the trial court, appellees argued they were entitled to summary judgment because they did not perform work on the subject cylinder. They also argued that they undertook no duty with regard to the cylinder other than to hold it for its owner, the city, until after the repairs were made by Conaway. In addition, appellees alleged that the actions of Conaway constituted an "intervening cause" which relieved them from liability. Finally, appellees maintained that they did not create any "hazard" from which a duty to appellant may have arisen.
 {¶ 10} Appellant, however, alleges that there are inconsistencies between the affidavit of Trace and his deposition testimony which creates genuine issues of material fact. Appellant does not contest the fact that the cylinder was repaired by Conaway. Rather, appellant argues that because Trace cannot identify the city employee with whom he spoke, there is a genuine issue of material fact regarding whether Trace ever told the city employee, who dropped off the cylinder, that another business would complete the repairs.
 {¶ 11} As noted above, Trace stated in his affidavit that he informed the employee from the city that his company did not have the capacity to repair the cylinder because of its excessive size. He further stated that he informed the employee from the city that he could contact another service provider that could handle the repair of the cylinder. During his deposition testimony, when asked what conversation he had with the employee from the city, Trace stated, "Basically, he gave me the purchase order for the repair and I thanked him, that was it." Trace does not contradict the statements he made in his affidavit. He does not provide appellant's counsel with the same information he provided in his affidavit; however, the absence of that information does not negate that it is true. Ultimately, appellant's counsel never asked Trace during the deposition whether he told the employee from the city where the repair of the cylinder was to be performed. Consequently, we find no inconsistencies between Trace's affidavit and deposition testimony which would preclude the granting of summary judgment. Moreover, we find that appellant fails to present any evidence that appellees repaired the cylinder or that the city was not aware that another service provider would repair the cylinder.
 {¶ 12} Appellant also argues that the trial court erred when it determined the relationship between appellees and Conaway was that of employer and independent contractor. Appellant asserts that a determination of such relationship is one for the jury and not the judge. "Where the evidence is not in conflict or the facts are admitted, the question of whether a person is an employee or an independent contractor is a matter of law to be decided by the court." Bostic v. Connor (1988),37 Ohio St.3d 144, 146, citing Schickling v. Post Publishing Co. (1927),115 Ohio St. 589, syllabus. "The chief test in determining whether one is an employee or an independent contractor is the right to control the manner or means of performing the work." Bobik v.Industrial Com'n. (1946), 146 Ohio St. 187, paragraph one of the syllabus.
 {¶ 13} In the present case, the evidence illustrates that the relationship between appellees and Conaway was that of employer and independent contractor. There is no evidence that appellees had any control over the repair work done by Conaway on the subject cylinder. That being said, the general rule is that an employer is not liable for the negligent acts of an independent contractor. Pusey v. Bator (2002), 94 Ohio St.3d 275, 279. There are, however, two exceptions to the rule: (1) duties that are imposed on the employer by statute, contract, franchise, charter or common law; and, (2) duties imposed on the employer that arise out of work that is inherently dangerous. Id.
 {¶ 14} There is no evidence in the record that appellees were under any duty imposed by the first exception to the rule of nonliability. With regard to the second exception, relying onBohme, Inc. v. Sprint Internatl. Communications Corp. (1996),115 Ohio App.3d 723, appellant argues that the determination of what is inherently dangerous should be submitted to the jury rather than be determined on summary judgment as a matter of law. This court has previously held that "the issue of whether employment is inherently dangerous is a question of law to be determined by the court." Tipton v. Bernie's Electric Sales Service, Inc., 6th Dist. No. WM-03-021, 2004-Ohio-5249, at 33, citing, Sopkovich v. Ohio Edison Co. (1998), 81 Ohio St.3d 628,643, Frost v. Dayton Power Light Co. (2000),138 Ohio App.3d 182, 198, fn 3, and Best v. Energized Substation Serv., Inc.
(1993), 88 Ohio App.3d 109. "Whether work is inherently dangerous is determined on the particular facts of each case." Id.
 {¶ 15} In considering what work is inherently dangerous, the Fourth District Court of Appeals in Frost stated the following:
 {¶ 16} "* * * First, a danger is an inherent danger if it is necessarily present because of the nature of the work to be performed. (Citation omitted.) Second, for the danger to be considered inherent in the work itself, the independent contractor or his employee must recognize or should recognize the risk involved in the work. * * *
 {¶ 17} "Stated differently, the performance of a task is inherently dangerous when the independent contractor recognizes or should recognize that a degree of danger surrounds the performance of the task for which he was engaged. * * * [C]ourts should not limit the inquiry to the specific task being performed. Rather, courts also should consider the environment in which the task is performed."
 {¶ 18} We recognize that the Eighth District Court of Appeals in Bohme found that under the "peculiar circumstances" in that case, the jury must determine whether the installation of an air conditioning unit, and the connection of electrical wires thereto, was inherently dangerous. We find, however, that no genuine issue of material fact exists in this case.
 {¶ 19} Appellant argues that Beauchamp v. BL Motor Freight
(1985), 106 Ohio App. 530, establishes that the repair of a truck part is inherently dangerous. We find, however, that appellant's reliance on Beauchamp is misplaced. In Beauchamp, the court held that the operation of a semi-tractor trailer is inherently dangerous. Because the owner/operator in that case was operating an inherently dangerous instrumentality, the court found that he had a duty to maintain it in a reasonably safe condition. As such, the court held that the owner/operator could not delegate his duty to the mechanic who allegedly repaired his brakes in a negligent manner. There was no finding in Beauchamp that the work performed by the mechanic, e.g., repair of the faulty brakes, was inherently dangerous work.
 {¶ 20} In this case, even assuming that the operation of a dump truck is inherently dangerous, as suggested by the holding in Beauchamp, the exception to the general rule of nonliability only applies if the work being performed by the independent contractor is inherently dangerous. See Frost, supra. The work done by Conaway was repair of the hydraulic cylinder. There is no evidence in the record that repairing a hydraulic cylinder is inherently dangerous work. Accordingly, in this case, we find that the second exception to the general rule that an employer is not liable for the negligent acts of an independent contractor does not apply. See Pusey, supra.
 {¶ 21} Based on the foregoing, we find that appellees were not liable to appellant for Conaway's alleged negligent repair of the hydraulic cylinder. Having found that there are no genuine issues of material fact and that appellees were entitled to summary judgment as a matter of law, we find appellant's sole assignment of error not well-taken.
 {¶ 22} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.
[1] Certified's other entities, Certified Hydraulic Specialists, Certified Power Train Specialists, and Certified Power Train Specialist, were voluntarily dismissed by appellant on April 12, 2004.
[2] The complaint also included a February 26, 2001 incident in which Pacheco allegedly negligently drove his car into decedent causing injuries.